### PHOTOMETRIC PRODUCTS CORPORATION v. RADTKE et al.

District Court, S. D. New York.

April 19, 1946.

Appeal Dismissed Nov. 4, 1946.

Harry Meisnere, of New York City, for plaintiff.

R. W. Perkins, of New York City (John B. Cuningham, of New York City, of counsel), for defendant Warner Bros. Pictures, Inc.

Henry Turin, of New York City, for defendant Radtke Patents Corp.

MANDELBAUM, District Judge.

Plaintiff moves for an order substituting Robert Bruce Day, as executor of the estate of Leonard Day, deceased, as a defendant in place and stead of Leonard Day, deceased, as one of the defendants herein.

The action is to recover title to a patent based upon an alleged conspiracy to deprive plaintiff of the patent. The deceased is charged with being an active member of the conspiracy.

Warner Brothers Pictures, Inc., one of the named defendants appears in opposition, contending that any substitution is barred as a matter of law in view of the fact that Leonard Day died more than two years prior to the making of this application. On the argument of the motion, the attorney for the defendant, Radtke Patents Corp. took the same position, relying on the brief submitted by Warner Brothers Pictures, Inc.

Rule 25(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, governs this application and says in part: "If a party dies and the claim is

not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party."

In Winkelman et al. v. General Motors, D.C., 30 F.Supp. 112, I had occasion to construe the rule referred to above. I dismissed an action for an accounting as to the deceased defendant where no motion was made to substitute within two years from the death, holding that the substitution within the prescribed time was mandatory. This ruling was followed in Anderson v. Brady et al., D.C.E.D.Ky., 1 F.R.D. 589.

Plaintiff attempts to distinguish the Winkelman case with the one at bar in that, first, the executor here does not appear in opposition to the application, the same being opposed by co-defendants. And second, that the executor having been in military service, the statute should be tolled during his period of service, in accordance with the provisions of the Soldiers' & Sailors' Civil Relief Act, 50 U.S.C.A.Appendix, § 525, and would consequently make this application timely.

The plaintiff's argument that the co-defendants have no standing on this application is without force. Rule 25(a) provides for service upon all parties of an application for substitution. Obviously, any objection to substitution may therefore be raised by one other than the legal representative of the deceased. The presence or non-presence of a party defendant may vitally affect the rights of the remaining defendants.

The second point raised by the plaintiff is also without merit. There is no evidence that Robert Bruce Day was in military service other than an affidavit signed by one Judson, whose interest in this litigation is undisclosed. Even assuming that Day was in military service, it would not apply in a situation such as this. The statute, 50 U.S.C.A.Appendix, § 525, is clear and unambiguous. It provides that the period of military service shall not be included in computing limitations for the bringing of an action by or against

"any person in military service or by or against his heirs, executors, administrators, or assigns."

It would be stretching the provision beyond bounds if it were to cover actions against a person *not in military service* whose executor (Robert Bruce Day) must be substituted within the two year period stated in Rule 25(a).

The motion for substitution is denied.