**NEW ORLEANS PUBLIC BELT R. CO.
v. WALLACE et al.**

No. 12553.

United States Court of Appeals
Fifth Circuit.

March 8, 1949.

---

HOLMES, Circuit Judge, dissenting.

———◆———

Michel Provosty, of New Orleans, La., for appellant.

R. Emmett Kerrigan, Bentley G. Byrnes, and Bernard J. Fonseca, all of New Orleans, La., for appellees.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

LEE, Circuit Judge.

This proceeding originated as a suit to recover damages for personal injuries and death. Presently before us on appeal, it presents two questions: one relating to the interpretation of Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and the other to the correctness of the trial court's action in dismissing a cross-claim by the appellant against its codefendant.

Mrs. Helen Cunliffe Wallace, administratrix of the estate of Alva Wallace, deceased, a citizen of New Orleans, sued the New Orleans Public Belt Railroad Company, a Louisiana corporation doing business as a common carrier of interstate commerce, and T. H. Smith & Sons, of New Orleans,[1] alleging that the action was brought against the Belt Railroad under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and against T. H. Smith & Sons under the laws of the State of Louisiana; that Alva Wallace was employed as an engine foreman in the railroad yards of the Belt Railroad; and that in the course of his employment he suffered injuries resulting in his death. Against the Belt Railroad,[2] she alleged negligence and carelessness in that it allowed large, heavy boxes and crates to be placed so close to the railroad cars on which the deceased worked as to constitute failure to provide the deceased a reasonably safe place in which to work. Against T. H.

---

[1] In the complaint, the Public Belt Railroad Commission for the City of New Orleans, appellant, is incorrectly referred to as the New Orleans Public Belt Railroad Company, and T. Smith & Son, Inc., as T. H. Smith & Sons. The errors were corrected in defendants' answers.

[2] Paragraph 6 of the complaint is substantially as follows:

"That, notwithstanding, the duty on the part of the defendant, the New Orleans Public Belt Railroad Company, to furnish the decedent, Alva Wallace with a reasonably safe place in which to work, the said defendant carelessly and negligently suffered, allowed and permitted large and heavy boxes to be placed in close proximity, to-wit: within five or six inches from the side of the cars or the track Number Two of the Louisiana Street Wharf, where Alva Wallace, now deceased, was required to work, and where he was riding on the side of a car in the discharge of his duties and by reason of, and as a proximate result of the defendant's negligence in suffering, allowing and permitting the heavy boxes to protrude from the platform and be placed in such close proximity to the side of the moving cars and said Track No. Two, decedent Alva Wallace was crushed between the said boxes and the side of the car on which he was riding in the discharge of his duties, * * * after which he died as a result of the injuries received * * *. The defendant, thereby, failing, neglecting and refusing to furnish the decedent with a reasonably safe place to work, resulting in his injury, suffering, and death."

Smith & Sons,[3] the allegations were negligence and carelessness in placing the boxes and crates in such proximity to the cars that sufficient distance was not left to permit the deceased to pass, and, as a result, he was crushed and knocked from the side ladder of the car on which he was riding and died as a result of his injuries.

Both defendants filed answers, each denying negligence on its part and alleging contributory negligence on the part of the decedent. In addition, the Public Belt Railroad, by cross-claim, asserted its right to be indemnified by T. Smith & Son, Inc., if judgment was rendered against it, taking the position that the allegations of the complaint clearly showed that Alva Wallace's injuries were caused solely by the primary fault and negligence of T. Smith & Son, Inc., its servants, and employees, in placing the heavy boxes and crates in such proximity to the railroad tracks. In due course, T. Smith & Son, Inc., moved to strike the cross-claim, on the ground that it failed to state a claim upon which relief could be granted. The motion was sustained by the court below, and the cross-claim was dismissed. This appeal followed.

In this court, T. Smith & Sons, Inc., moves to dismiss the appeal on the ground that the order of the district court was interlocutory and not final. The case was heard upon the motion to dismiss and upon the correctness of the ruling of the trial court in dismissing the cross-complaint in the event the appeal was found to have been well taken.

The motion to dismiss the cross-complaint was filed in August 1947, was tried on March 10, 1948, and the opinion and ruling of the trial court sustaining that motion filed on July 24, 1948. The amendment to the Rules of Civil Procedure became effective March 19, 1948. Rule 54(b), as amended provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, *the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis supplied.)

The motion to dismiss raises the point that the order appealed from fails to make an express determination that there was no just reason for delay, and, therefore, since the order was not expressly marked as a final judgment, it is not reviewable.

A reference to dates shows that the motion to dismiss the cross-claim was tried and submitted prior to the effective date of the new Rules. The judgment dismissing the cross-claim, together with the written reasons, was filed within a short time after the amendment to the rule became effective. Counsel for all parties admitted in argument that they were not aware of the change made in Rule 54(b) by the amendment, and it may be that the attention of the court was not called to the change.

---

[3] Paragraph 7 of the complaint is as follows:

"That notwithstanding the duty on the part of the defendants, T. H. Smith & Sons to exercise due care in placing heavy boxes and crates along by the railroad tracks where the decedent was required to work, in close proximity to the tracks, so as to create unnecessary hazards, the defendant negligently and carelessly placed heavy boxes or crates on the dock in such a manner that the boxes or crates extended out over the edge of the dock or platform to within five or six inches of the side of the cars that the decedent was required to place on the tracks by the docks or platform, which was not a sufficient distance to permit the body of the decedent to pass while riding on the side of a car being placed on said tracks as he was required to do by reason of his duties, and by reason of such negligence and carelessness, decedent was crushed and knocked from the side ladder of said car and was caused to suffer great pain and anguish for a period of four hours, after which he died as a result of said defendants' carelessness and negligence."

The amendment to Rule 86(b) likewise effective on March 19, 1948, provides:

"* * * They [referring to the amendments] govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies."

The judgment appealed from reads in part:

"This cause came on to be heard on March 10, 1948, on motion of defendant, T. Smith & Son, Inc., to dismiss the cross-claim of Public Belt Railroad Commission * * *.

"Now, on due consideration thereof and for the written reasons of the court on file herein;

"It is ordered by the court that the motion * * * be and the same is hereby granted, and the said cross-claim is hereby, dismissed."

Referring to the written reasons filed by the trial court, we find that it was of the opinion that because of the difference in result that the establishment of contributory negligence on the part of the decedent would create with respect to the cause of action asserted against the Belt Railroad and the cause of action asserted against T. Smith & Son, Inc., indemnity might not be had by the Public Belt against T. Smith & Son, Inc. It is clear, therefore, that the court intended the dismissal as to the cross-claim to be final. Since to enforce a strict application of Rule 54(b), as amended, might work a hardship, we shall exercise the discretion permitted under Rule 86 and, applying the old rule, treat the order intended to be final as final, even though there was no express language in the judgment to that effect. The motion to dismiss the appeal is denied.

█ Left for consideration is the correctness of the ruling of the court below in dismissing the cross-claim, but that consideration will not be extensive, for, at the very outset, we find it unnecessary to pass upon that question: No cross-claim could be asserted against T. Smith & Son, Inc., by its codefendant, Public Belt Railroad Commission, because obviously the trial court had no jurisdiction of the claim asserted by the complainant against T. Smith & Son, Inc. As heretofore pointed out, the cause of action against the Belt Railroad arose under the Federal Employers' Liability Act; that against T. Smith & Son, Inc., arose under the tort law of Louisiana. All parties are citizens of Louisiana. Referring to the general rule that a federal court having acquired jurisdiction by reason of a substantial federal question involved has the right to decide all questions in the case, the Supreme Court in Hurn v. Oursler, 289 U.S. 238, 245, 53 S. Ct. 586, 589, 77 L.Ed. 1148, said:

"* * * the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; in the latter it may not do so upon the nonfederal cause of action."

See also Pearce v. Pennsylvania R. Co., 3 Cir., 162 F.2d 524.

█ A cross-claim under Rule 13(g) against a coparty may be asserted only where the court has jurisdiction of the coparty. Upon remand, the cause of action asserted by the complainant against T. Smith & Son, Inc., should be dismissed for want of jurisdiction.

The judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

HOLMES, Circuit Judge (dissenting).

I think the motion to dismiss the appeal should be sustained, because the order appealed from was not a final judgment, and did not meet the requirements of finality specified in Rule 54(b), as amended, which became effective March 19, 1948. Rule 54(a) provides that 'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Rule 54(b) provides that, in the absence of an express determination that there is no just reason for delay, "any order or other form of decision" such as the one under review shall be subject to revision at any time before the entry of judgment adjudicating all the claim.

Under this rule, an opinion is not an order, judgment, or decree. Therefore, the order under review was, and still is, subject to revision by the court below at any time before the entry of judgment adjudicating the entire claim. In re D'Arcy, 3 Cir., 142 F.2d 313; Winkelman v. General Motors Corporation, D.C., 48 F.Supp. 490.