**Eva GERTLER, formerly Eva Rosen, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant (Violet L. Rosen, Impleaded Defendant).**

United States District Court
S. D. New York.

Sept. 7, 1955.

---

Sidney Zimet, Brooklyn, N. Y., for plaintiff.

Lloyd F. MacMahon, U. S. Atty., Miriam R. Goldman, Asst. U. S. Atty., of counsel, for defendant.

Simeon F. Gross, New York City, for impleaded defendant.

HERLANDS, District Judge.

This is a three-cornered litigation between (1) the widow of an American soldier killed in service, (2) the soldier's mother, and (3) the Government, which is a stakeholder of $10,000, the proceeds of a National Service Life Insurance Policy on the soldier's life. The widow and the mother are rival claimants to the $10,000. The Veterans' Administration Appeals Board has ruled in favor of the widow; hence, this action by the mother against the Government and against the widow, as an impleaded defendant.

While the mother's action was pending, she died. The date of her death—May 16, 1953—is important.

The complicating circumstance is the fact that the mother's administrator did not make a motion to be substituted in her place as the plaintiff until June 9, 1955—more than two years after her death.

Fed.Rules Civ.Proc., rule 25(a) (1), 28 U.S.C.A., dealing with "Substitution of Parties", provides:

"(a) Death.

"(1) If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party * * *."

Citing this Rule, the administrator now moves to be substituted. In extenuation of his failure to move within the two-year period, he pleads excusable neglect and appeals to the court's discretion.

Citing the same Rule, the Government cross-moves to dismiss the action as to the deceased plaintiff-mother. The Government and the impleaded defendant claim that the express and unequivocal language of that Rule operates as a mandate to the court to dismiss the action.

Upon the record before us, it is difficult to reach any definitive conclusion as to whether there was excusable neglect on the part of plaintiff's administrator. The position taken by the Government and the impleaded defendant, however, is that the question of reasonable excuse is immaterial and that the Rule makes it mandatory upon the court to order the dismissal. Anderson v. Yungkau, 1946, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436; Winkelman v. General Motors Corporation, D.C.S.D.N.Y.1939, 30 F.Supp. 112; Fleming v. Sebastiani, 9 Cir., 1947, 161 F.2d 111; Photometric Products Corp. v. Radtke, D.C.S.D.N.Y.1946, 5 F.R.D. 394, appeal dismissed 2 Cir., 1946, 157 F.2d 849.

Neither in affidavit, brief nor oral argument has counsel for any of the parties adverted to the fact that the validity of Rule 25(a)(1) has been questioned. Sharp criticism has been leveled at that Rule in 4 Moore, Federal Practice (2d ed. 1950) 503 ff. Moore calls it "very unsatisfactory," "the poorest rule of all the Federal Rules," "invalid as an improper invasion of the field of substantive rights," and of "highly questionable" validity (supra, at pp. 510, 517, 522). In large measure, Moore's attack is predicated upon the fact that the statutory basis of the rule—28 U.S.C. § 778 (1946)—was repealed by the 1948 Revised Judicial Code, with the result that the Rule now improperly abridges the substantive rights of liti-

gants without statutory support (cf. 2 Moore, Federal Practice [1st ed. 1938] 2340).

The courts in this circuit and district have been disinclined to question the validity of Rule 25(a) (1). Thus, in Bush v. Remington Rand, Inc., 2 Cir., 1954, 213 F.2d 456, certiorari denied 1954, 348 U.S. 861, 75 S.Ct. 85, the Court of Appeals achieved an equitable result by distinguishing Anderson v. Yungkau, supra, and applying a doctrine of "waiver by the parties." 213 F.2d at page 464.

In Wadler v. Mediterranean Lines, Inc., D.C.S.D.N.Y.1954, 18 F.R.D. 322, the court granted defendants' motions to dismiss the complaint for failure to substitute as plaintiff the administrator of the estate of the deceased plaintiff withing two years after plaintiff's death. Judge Dimock stated specifically that the dismissal was granted "without deciding whether Rule 25(a) F.R.C.P. imposes a mandatory two-year limitation in diversity cases."

■■■ The motions before us serve to spotlight the problem and the controversy of interpretation engendered by the Rule. While the situation may call for clarification, the decision of the motions before this court does not warrant judicial nullification of the Rule. The following reasons of law and fact lead to that conclusion:

(1) Public policy, conventionally expressed in terms of a presumption of validity, supports the legality of a formal rule of the Federal Rules of Civil Procedure. In the absence of the most convincing arguments to the contrary, the court should not judicially invalidate such a rule.

·  (2) The plaintiff's claim herein can be prosecuted in a new and independent action instituted by the plaintiff's administrator, as plaintiff, since the applicable statute of limitations has not run against the cause of action. Under such circumstances, the substantial effect of the dismissal of the plaintiff's action amounts to a loss of its position on the trial calendar. If plaintiff's administrator commences a new action, it is possible that he may, if so advised, seek to present to the Calendar Judge detailed facts establishing "exceptional and meritorious reasons" for a preference (Calendar Rules of the U.S.D.C.S.D.N.Y., Rule 11). As to the merits of any such application, this court expresses no opinion and makes not the slightest intimation.

The motion of plaintiff's administrator for substitution is denied. The Government's cross-motion to dismiss is granted. Settle order on notice.