**Cecil E. FOLTZ, Jr., Plaintiff,**

v.

**MOORE–McCORMACK LINES, Inc., Defendant.**

United States District Court
S. D. New York.
March 7, 1956.

John J. Vander Leith, New York City, for plaintiff.

Paul W. Williams, U. S. Atty., New York City, by Benjamin H. Berman, Dept. of Justice, Washington, D. C., for defendant.

WEINFELD, District Judge.

█ The motion to dismiss for failure to substitute the Administratrix of plaintiff's estate within two years after decedent's death, as required by Rule 25(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C., must be grant-ed.[1] The repeal of § 778 of Title 28 subsequent to the decision in Anderson v. Yungkau does not require a different result. While Professor J. W. Moore has argued that its repeal has overcome the authority of the Anderson holding in diversity suits[2] I am of the view that Congress by its action gave the Rule the force and effect of a statute.[3]

█ The Revision of Title 28 did not undertake any change in the substantive law. The essential purpose of Revision was "the substitution of plain language for awkward terms, reconciliation of conflicting laws, repeal of superseded sections, and consolidation of related provisions."[4] The House Judiciary Committee's explanation for the repeal and omission of § 778 was that it was "superseded by Rules 25 and 81 of the Federal Rules of Civil Procedure."[5]

To suggest that by the streamlining of statutes and the incidental repeal of § 778 Congress overcame the authority of the Anderson case is to say that the Revision was self-defeating and that Congress achieved a purpose entirely opposite to what it intended.

The motion to dismiss must be granted.[6]

1. Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436; cf. Bush v. Remington Rand, Inc., 2 Cir., 213 F.2d 456, 464; Hofheimer v. McIntee, 7 Cir., 179 F.2d 789.

2. 4 Moore's Fed.Practice ¶ 25.01, ¶ 25.06.

3. Cf. 28 U.S.C. § 2072.

4. Rep. from Committee on the Judiciary, House of Representatives, to Accompany H.R. 3214, H.R. 308 (80th Cong., 1st Sess.) p. 2.

5. Id. at p. A239. See also p. A261 where the Committee stated "The word 'Omitted' * * * indicates that the particular text of such statute was not incorporated in proposed Title 28 because it was obsolete, executed, covered by other law, superseded by later law, or covered by the Federal Rules of Civil Procedure * * *."

6. See Proposed Amendment of Rule 25(a), Report of Advisory Committee on Rules for Civil Procedure, dated October, 1955.