Anna M. HENEBRY, Plaintiff,

v.

James SIMS and Michael Navarra, Defendants.

Civ. No. 14072.

United States District Court
E. D. New York.
April 3, 1958.

Jacob Rassner, New York City, for plaintiff.

McCarthy & McGrath, New York City, for defendant, James Sims.

Bivin & Welch, New York City, for defendant, Michael Navarra.

BRUCHHAUSEN, District Judge.

This is a motion to dismiss this action upon the ground that no legal representative has been substituted in place of the deceased defendant, Michael Navarra, within two years after his death. It is claimed that under Rule 25(a) (1) of the Federal Rules of Civil Procedure, 28 U.S. C.A., the Court must order a dismissal.

The facts are undisputed. The said defendant, Michael Navarra, died on August 28, 1955. More than two years have elapsed since the date of his death and no substitution has been made.

The question for determination is whether the Court must order a dismissal of the action as to the said defendant.

Rule 25(a) (1) of the Federal Rules of Civil Procedure provides as follows:

"If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district."

There are no authoritative decisions in this Circuit, since the consideration of the Rule in Anderson v. Yungkau, 1946, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436. In Bush v. Remington Rand, 2 Cir., 1954, 213 F.2d 456, it was held that the moving party waived the Rule. Whether the Rule renders dismissal mandatory was not therein determined.

In the recent case of Perry v. Allen, 5 Cir., 1956, 239 F.2d 107, the said Rule was exhaustively considered and a well reasoned opinion rendered. The salient points mentioned therein are that at the time of the death of the party referred to in the Yungkau case, a two year Federal statute of limitations, 28 U.S.C.A. § 778 was in force; that Rule 25(a) merely implemented procedurally the substantive provision of the said statute; that the latter statute was repealed in 1948 and that, absent a Federal statute of limitations, the various State statutes of limitation apply. Cited therein is the case of Holmberg v. Armbrecht, 1946, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743, holding that in the absence of Federal statutes of limitations as to actions at law, it is federal policy to adopt the applicable State statute of limitations.

The Perry case also cites the Rule-Making Statute of 1934, 28 U.S.C.A. § 2072, pursuant to which the Rules of Procedure were adopted. That statute, in substance, empowered the Supreme Court to prescribe by rule the forms of process, writs, pleadings and motions and the practice and procedure of the District Courts of the United States. The said statute further provided that "such rules shall not abridge, enlarge or modify any substantive right."

In Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 1924, 263 U.S. 629, at page 635, 44 S.Ct. 220, at page 222, 68 L.Ed. 480, also cited in Perry v. Allen, the Court said:

"Occasionally, a rule is employed to express, in convenient form, as applicable to certain classes of cases, a principle of substantive law which has been established by statute or decisions. But no rule of court can enlarge or restrict jurisdiction.

Nor can a rule abrogate or modify the substantive law."

See also Sibbach v. Wilson & Co., 1941, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479.

Rule 25(a) is invalid insofar as it attempts to abridge the plaintiff's substantive right to bring her action to trial by placing a fixed time upon her right to apply for a substitution for the deceased defendant.

The motion as to defendant, Michael Navarra, for dismissal of the action is denied. The plaintiff's cross motion for appointment of a legal representative of said defendant is granted.

Settle order on notice.