John C. **STARNES**, Plaintiff,

v.

PENNSYLVANIA RAILROAD COMPANY, Defendant.

Civ. A. No. 18203.

United States District Court
E. D. New York.

Jan. 4, 1961.

Bromsen & Gammerman, New York City, for plaintiff.

Conboy, Hewitt, O'Brien & Boadman, New York City, for defendant.

MISHLER, District Judge.

Plaintiff, John C. Starnes, brought this action pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. for injuries allegedly sustained on November 13, 1956. A complaint was filed on November 20, 1957. Plaintiff died intestate on May 5, 1958. On April 8, 1960, limited letters of administration were issued to Anna M. Starnes.

Anna M. Starnes, as administratrix of the goods, chattels and credits of John C. Starnes, moves for an order of substitution. Though the application is made more than two years after the date of death, no reason is assigned for the delay in making the application in the supporting affidavit. However, in answer to the defendant's motion to dismiss as hereinafter set forth, the plaintiff explains " * * * that the delay in making said application was caused by reason of the fact that this office was attempting to obtain a Medical Examiner's report in order to determine whether or not the death of John C. Starnes was causally related to the accident of November 13, 1956. Further delay was encountered by reason of the former attorney's resignation from this firm and the assignment of this case to his successor."

Defendant made an independent motion to dismiss the complaint on the ground that more than two years have elapsed since the date of death.

The pertinent portion of F.R.Civ.Proc. Rule 25(a) (1), 28 U.S.C.A., pursuant to which both motions are made, states:

"If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party."

Defendant claims the direction in the rule is mandatory and the action must be dismissed; plaintiff claims the Court may, within its discretion, grant substitution even beyond the two-year period after death.

■ Though the language of the rule is clear, much has been written concerning its effect.

In June 1946, the Advisory Committee on Rules for Civil Procedure in its final report submitted to the Supreme Court a proposed amendment to Rule 25 which would have infused the flexibility in the rule which the plaintiff now claims it has. It suggested the following insertion, after the first sentence of the rule:

"If the application is made after 2 years the court may order substitution but only upon showing of a reasonable excuse for failure to apply within that period."

The Advisory Committee pointed out the resultant hardships visited because of the failure to invest the district courts with discretion. Among the examples cited was Anderson v. Yungkau, 6 Cir., 1946, 153 F.2d 685. Certiorari had been granted by the Supreme Court, 328 U.S. 829, 66 S.Ct. 1025, 90 L.Ed. 1606; the Advisory Committee had submitted its report at the time the Court had the question under review.

The Court did not adopt the proposed amendment in its promulgating order of December 27, 1946. On January 13, 1947, it affirmed the Circuit Court of Appeals in Anderson v. Yungkau, 1947, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436. The Court noted on page 483 [on page 429 of 67 S.Ct.], that the failure to make application within the two-year period was not due to lack of diligence, since " * * * petitioner failed to learn of these facts until more than two years later. * * * " The Court said at page 485: [at page 430 of 67 S.Ct.]:

"Rule 25(a) is based in part on 42 Stat. 352, 28 U.S.C. § 778, which limited the power of substitution to two years from the death of a party. * * * That policy is reflected in Rule 25(a). Even within the two year period substitution is not a matter of right; the court 'may' order substitution but it is under no duty to do so. Under the Rule, as under the statute, the settlement and distribution of the estate might be so far advanced as to warrant a denial of the motion for substitution within the two year period. In contrast to the discretion of the court to order substitution within the two year period is the provision of Rule 25(a) that if substitution is not made within that time the action 'shall be dismissed' as to the deceased. The word 'shall' is ordinarily 'the language of command.' Escoe v. Zerbst, 295 U.S. 490, 493, 55 S.Ct. 818, 79 L.Ed. 1566. And when the same Rule uses both 'may' and 'shall', the normal inference is that each is used in its usual sense—the one act being permissive, the other mandatory. See United States ex rel. Siegel v. Thoman, 156 U.S. 353, 360, 15 S.Ct. 378, 380, 39 L.Ed. 450. Thus, as stated by the Circuit Court of Appeals, Rule 25(a) operates both as a statute of limitations upon revivor and as a mandate to the court to dismiss an action not revived within the two-year period."

28 U.S.C. § 778 (1946) entitled "Death of parties; substitution of executor or administrator," was repealed by the Judicial Code of 1948. The explanation of the House Judiciary Committee for the repeal and omission was that it was superseded by Rules 25 and 81 of the Rules of Civil Procedure.[1]

The clear language of the opinion was further underscored by the court in its promulgating order of December 27, 1946, amending Rule 6(b) by prohibiting the extension of any time for taking any action under Rule 25. Since the discretionary power of the district court under Rule 6(b) was the basis of the dissenting opinion by Justice Rutledge in Anderson v. Yungkau, supra, the elimination of discretion with regard to enlargement of time under Rule 25(a) would have seemed to place a final quiescence on any doubt.

Nevertheless, courts in this circuit and other circuits have, on occasion, permitted substitution in applications made after the two-year period from date of death had elapsed. Professor Moore in his treatise (Moore's Federal Practice) suggests that the rule should not be applied in a manner indicated in Anderson v. Yungkau, supra, because of the repeal of 28 U.S.C. § 778 (1946), subsequent to that decision. The author says at page 510, in volume 4, § 25.01:

"The Anderson case involved a federal matter and 28 U.S.C. § 778 (1946), upon which Rule 25(a) was based, had not yet been repealed by the Judicial Code of 1948. Whether Rule 25(a) dealt with a substantive matter was, therefore, immaterial at the time the Anderson case was decided, but this aspect has since become important because the Federal Rules may validly deal only with procedure. If, therefore, substitution involves a matter of substance, as we believe it does, Rule 25(a)

---

1. H.Rep. No. 308 to accompany H.R. 3214 (80th Cong., 1st Sess. 1947, p. A. 239.)

cannot validly prescribe a 2-year period for substitution in cases involving federal matters, and its supporting statutory basis, 28 U.S.C. § 778 (1946) has been repealed. * * * "

This view found support in Perry v. Allen, 5 Cir., 1956, 239 F.2d 107. The court said at page 112:

" * * * Rule 25(a) (1) is not a Statute of Limitations and is invalid insofar as it attempts to abridge appellant's substantive right to bring his civil action to trial on its merits, by placing a categorical and inflexible time limit upon his right to substitute the collector's administrator. Such an attempt is outside the mandate and inside the caveat of the Act of Congress."

The Court of Appeals of this Circuit held in Bush v. Remington Rand, 213 F.2d 456, 464, that Rule 25(a) took the form of a Statute of Limitations and as such could be waived. In that case, the plaintiff had died in 1945, during the pendency of the action. The defendant learned of plaintiff's death in 1946. Plaintiff's estate was fully settled on March 27, 1947. Defendant raised the issue of no substitution pursuant to Rule 25(a) on July 25, 1949, in its original brief, after trial of the issues before a Master, for the first time, after completion of the hearings. On January 31, 1950, a motion was made to dismiss the action pursuant to Rule 25(a). The District Judge held that by its long delay in raising the issue, the defendant had waived its right to object and was estopped from invoking the Rule. The Court of Appeals concurred in this view in the following language at page 464:

"We can see no error in this decision. The defendant knew of Mrs. Dysart's death as early as 1946, and if objection had been made at least prior to the hearings in 1949, those proceedings would have been greatly simplified and much time and expense would have been saved. Having stood by while the plaintiffs expended money and effort in bringing the case to judgment, the defendant should no longer be allowed to object."

The Circuit Court of Appeals of this Circuit again had occasion to review the question in issue after Perry v. Allen, supra, in Iovino v. Waterson, 2 Cir., 1959, 274 F.2d 41. In March 1955, the plaintiff commenced an action in the Supreme Court, New York County, by the service of a summons; the defendant removed the action to the District Court; on April 24, 1955, the plaintiff, Waterson, died intestate. Neither plaintiff's attorney nor defendant's attorney knew of the death until 1958. In May 1955, plaintiff's attorney served a complaint on the attorney who appeared for the defendant, Waterson. The latter accepted service, served an answer, and in 1956 examined plaintiffs before trial, and participated in pretrial conferences before the District Court. Upon learning of the death in 1958, plaintiff's attorneys promptly took appropriate proceedings for the appointment of an administratrix, and then moved in the District Court for an order substituting the administratrix as defendant in the action. The motion was granted in the District Court on the authority of Perry v. Allen, supra. The Court of Appeals rejected the principle stated in Perry v. Allen, but affirmed on the authority of Bush v. Remington Rand, supra. The Court said at page 50:

"In Bush v. Remington Rand, Inc., 2 Cir., 1954, 213 F.2d 456, 463–465, relying on the analogy that a statute of limitations can be waived, we held that long continued litigation with knowledge of plaintiff's death estopped a defendant from taking advantage of the two-year limitation of F.R. 25(a) (1) * * *."

The Court continued at page 51, as follows:

"The final problem is whether this is a proper case for estoppel. * * an attorney * * * must assure himself of the continued existence of his client before he takes affirmative steps in the client's behalf; that, in the absence of knowledge to the contrary, his adversary may properly assume he has done this; that a client who authorizes an attorney to represent him has impliedly so informed the adverse party; and that no advantage may be taken by the client's personal representative of the attorney's failure to ascertain the fact of the clients death."

 In the case at bar, there is nothing in the conduct of the defendant from which can be fashioned a waiver of the limitation or an estoppel to invoke the rule. At best, the plaintiff has shown excusable neglect. The Court of Appeals has pointed out in Iovino v. Waterson, supra, that this is not enough. Distinguishing the facts of that case from Anderson v. Yungkau, supra, the Court said at page 50:

"In Anderson the Supreme Court was concerned with excusable neglect, not with estoppel."

It may well be that Rule 25 " * * * is easily the poorest rule of all the Federal Rules." Moore's Federal Practice, Volume 4, § 25.01, page 510. It is significant to note, however, that the Supreme Court failed to adopt the final report of October 1955, of the Advisory Committee with respect to the proposed amendment to Rule 25.

Motion by plaintiff to substitute Anna M. Starnes as administratrix as plaintiff is denied.

Motion by defendant to dismiss pursuant to Rule 25(a) (1) is granted.

Submit orders.