**Olga ZDANOK, John Zacharczyk, Mary A. Hackett, Quitman Williams and Marcelle Kreischer, Plaintiffs,**

**v.**

**GLIDDEN COMPANY, DURKEE FAMOUS FOODS DIVISION, a Foreign Corporation, Defendant.**

United States District Court
S. D. New York.
June 27, 1961.

Sahn, Shapiro & Epstein, New York City, for plaintiffs, Morris Shapiro, New York City, of counsel.

White & Case, New York City, for defendant, Chester Bordeau, Charles Cheney Humpstone, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

This is a motion to substitute John A. Hackett, as Administrator of the Estate of Mary A. Hackett, as one of the plain-

tiffs in this action in place and stead of his intestate who died during the pendency of the action.

Defendant opposes the motion for substitution on the ground that since more than two years have elapsed since the death of Mary A. Hackett, the substitution is forbidden by Rule 25(a) (1), F.R. Civ.P., 28 U.S.C.A., and the action must be dismissed as to her.

Rule 25(a) (1) provides:

"If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party."

On March 28, 1961 the Court of Appeals reversed a decision of the District Court which held that the plaintiffs in this case were not entitled to recover and remanded the cause to the District Court for further proceedings "not inconsistent with this opinion." 288 F.2d 99, 104. At the end of its opinion the court said:

"It appears that the named plaintiff Mary A. Hackett is deceased, and that no motion for substitution has been made. Unless a proper motion is made, the District Court will dismiss the complaint as to that plaintiff."

In Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436, the Supreme Court held that the language of Rule 25 (a) (1) was mandatory upon the District Court, and was not modified by the discretionary power to extend time granted by Rule 6(b). The court relied in part upon 28 U.S.C. § 778 which then substantively limited the right of substitution to two years. Subsequently 28 U.S. C. § 778 was repealed and in Perry v. Allen, 5 Cir., 239 F.2d 107, it was held that without support of the substantive statute Rule 25(a) was no longer mandatory since if the rule was enforced it would abridge a substantive right in violation of 28 U.S.C. § 2072, under which the Federal Rules of Civil Procedure

were adopted. See, also, Henebry v. Sims, D.C.E.D.N.Y., 22 F.R.D. 10. But cf. Foltz v. Moore-McCormack Lines, Inc., D.C.S.D.N.Y., 19 F.R.D. 301 and Gertler v. United States, D.C.S.D.N.Y., 18 F.R. D. 307.

However, in Iovino v. Waterson, 2 Cir., 274 F.2d 41, certiorari denied 362 U.S. 949, 80 S.Ct. 860, 4 L.Ed.2d 7, the Court of Appeals of this circuit thoroughly considered the entire question. It refused to follow Perry v. Allen and held that Rule 25 was an appropriate exercise of judicial rule-making power and must be enforced. The only exception which it recognized was that approved in its earlier holding in Bush v. Remington Rand, 2 Cir., 213 F.2d 456, based upon a waiver and estoppel against a party opposing the substitution.

There are no circumstances here which would give rise to waiver and estoppel as against these defendants.

The moving party urges that the quoted language of the Court of Appeals in the case at bar, which refers to the death of Mary A. Hackett and a motion for substitution, should be taken as a mandate that substitution should be permitted. I do not so read the language of the Court of Appeals. There is nothing to indicate that the court was aware that the two year period of limitation provided in Rule 25(a) had expired, or that it attempted to pass on the right to substitution. Indeed, its reference to the making of "a proper motion" indicates that it left the question to be determined by the District Court on the papers before it.

Since more than two years have elapsed since the death of Mary A. Hackett, the court no longer has power to order substitution absent the elements of waiver and estoppel against the opposing defendants. Rule 25(a) requires dismissal of the action as to the deceased party as the defendants request.

If, as the moving administrator claims, this merely puts him to the burden of commencing a new action and moving for consolidation, such an exercise in futility

is made mandatory by Rule 25(a) which, according to Moore, "is easily the poorest rule of all the federal rules." 4 Moore's Federal Practice (2d ed.) p. 510.

It may be noted that prior to Anderson v. Yungkau, supra, Rule 6(b) was amended to add Rule 25 as a rule specifically excepted from its operation in the face of the recommendation from the Advisory Committee on the Rules that the courts should have power to extend the two year period of Rule 25(a) (1) on a showing of reasonable excuse. Moreover, the Supreme Court failed to adopt the recommendation of the Advisory Committee in its report of October 1955 for the deletion of the two year provision of Rule 25(a) (1) in favor of a rule that the action might be dismissed as to a deceased party if substitution were not made within a reasonable time. Iovino v. Waterson, supra, controls here.

The motion for substitution is denied and the defendant's request to dismiss as to the deceased plaintiff Mary A. Hackett is granted.

Settle order on notice.