**John C. STARNES, Plaintiff-Appellant,**

v.

**PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellee.**

**No. 26, Docket 26932.**

United States Court of Appeals
Second Circuit.

Argued Oct. 13, 1961.

Decided Oct. 31, 1961.

---

1. The date was changed by order entered July 17, 1961.

———◆———

Raymond Val Wayne, Jr., New York City (Bromsen & Gammerman, New York City, on the brief), for plaintiff-appellant.

David J. Mountan, Jr., of Conboy, Hewitt, O'Brien & Boardman, New York City (James S. Rowen, of Conboy, Hewitt, O'Brien & Boardman, New York City, on the brief), for defendant-appellee.

Before CLARK, WATERMAN, and MOORE, Circuit Judges.

PER CURIAM.

In a reasoned opinion, D.C.E.D.N.Y., 26 F.R.D. 625, Judge Mishler held that this FELA action must fail, since the plaintiff employee died after bringing the action and his widow as administratrix failed to seek substitution as plaintiff within the two-year period required by Fed.R.Civ.P. 25(a). We sustained this rule as valid in Iovino v. Waterson, 2 Cir., 274 F.2d 41, 79 A.L. R.2d 519, certiorari denied Carlin, Adm'x v. Iovino, 362 U.S. 949, 80 S.Ct. 860, 4 L. Ed.2d 867; and although there and in Bush v. Remington Rand, Inc., 2 Cir., 213 F.2d 456, certiorari denied Remington Rand, Inc. v. Bush, 348 U.S. 861, 75 S.Ct. 85, 99 L.Ed. 679, we held that a defendant by affirmative action might estop himself from relying on the defense, there is no basis here where defendant did nothing for such a claim. Consequently we are constrained to agree with Judge Mishler's disposition of the case. We realize that the rule is a harsh one and that several attempts have been made to effect its amelioration; indeed it is currently under study by the present Advisory Committee on Rules of Civil Procedure. But while it stands we must enforce it.

Affirmed.