**Lee M. TURNBAUGH**

v.

**The PENNSYLVANIA RAILROAD COMPANY.**

Civ. A. No. 28450.

United States District Court
E. D. Pennsylvania.

Oct. 30, 1963.

Paul R. Anapol, Philadelphia, Pa., for plaintiff.

Jere A. Young, Philadelphia, Pa., for defendant.

JOHN W. LORD, Jr., District Judge.

Before this Court for disposition is the motion of defendant to dismiss the present action. The ground for defendant's motion is the failure of plaintiff's attorney to substitute a proper party within two years after the death of the plaintiff as required by Federal Rules of Civil Procedure 25(a) (1).

This is a case in which chronology and the pertinent provisions of rule provisions are vital. The following recital will therefore describe the events which have gone before in the order of their occurrence so far as possible.

Plaintiff, Lee M. Turnbaugh, a longtime employee of the defendant, Pennsylvania Railroad Company, worked in defendant's shops in Altoona, Pennsylvania from February to April, 1958. He stopped work on April 14, 1960 as the result of a cancerous condition of his face and never worked for the Pennsylvania Railroad after that date. Plaintiff died on February 11, 1961.

The complaint in this case had been filed on August 19, 1960. It alleged that plaintiff suffered carcinoma of the face as the result of his exposure to "deleterious substances in dangerous concentrations" while working in defendant's Altoona shops. The liability of defendant was based upon the Federal Employers' Liability Act.

The first significant date for present purposes is February 11, 1961, when plaintiff died. No personal representative was appointed for his estate until over 26 months later, as will be pointed out in more detail later herein.

At the times so far mentioned, there was in force Rule 25(a) (1) of the Federal Rules of Civil Procedure as promulgated by the United States Supreme Court in 1946. That rule governed the right to substitute the proper party for a deceased party in a federal District Court action and provided in pertinent part:

"If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action *shall be dismissed* as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 * * *." (Emphasis added).

Since this rule was amended as of July 1, 1963, the quoted provision may hereafter be called pre-amendment Rule 25 for convenience.

On February 11, 1963, no court had ordered substitution of any party. It is defendant's contention that by operation of pre-amendment Rule 25,

"The right of deceased plaintiff's administratrix to revive this action was forever barred when a motion for substitution was not filed on or before February 11, 1963."

This Court finds that contention to be in accordance with law and dispositive of the motion, as will more fully appear hereinafter.

A personal representative for the estate of decedent, one Judith L. Mueller,

was appointed on April 18, 1963 by the Orphans' Court of Blair County, Pennsylvania.

On May 8, 1963, without notice to defendant, plaintiff filed a motion for the approval of a suggestion of death and the substitution of a personal representative. On that same date, Senior Judge Welsh entered an order, *ex parte*, approving the suggestion of death and substitution of decedent's administratrix as plaintiff.

The May 8 order was later rescinded. Next, however, Suggestion of Death was served on the defendant on May 10, 1963. Thus the Suggestion of Death, incorporated in the plaintiff's motion of May 8, was effective no later than May 10, 1963.

Since Suggestion of Death requires no Court approval, to that extent the plaintiff's Suggestion of Death is conceded by defendant to have been "properly suggested on the record when the Suggestion was served on defendant on May 10, 1963."

The filing of plaintiff's motion on May 8, without notice to the defendant, was made in disregard of the explicit notice requirement of Rule 25. Accordingly, defendant on May 15, 1963, filed a motion to vacate the order of May 8, 1963 and dismiss the present action.

The ground for the motion to vacate was that defendant had not been given notice of plaintiff's attorney's motion for substitution as required by Federal Rule of Civil Procedure 25(a)(1). The ground for defendant's motion to dismiss was the failure of plaintiff's attorney to substitute a proper party within two years after the death of the plaintiff as required by the same rule.

On June 5, 1963, Senior Judge Welsh, with the agreement of counsel, entered an order vacating his order of May 8, 1963 approving the substitution of decedent's administratrix as plaintiff. As to defendant's motion to dismiss this action, Senior Judge Welsh then ordered that the defendant's motion be placed on the first available argument list. This motion to dismiss is presently before the Court for disposition after submission of briefs and oral argument.

Thereafter the rule in question was amended to read as follows (Fed.R.Civ.P. 25(a)(1)):

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

The quoted amendment to Rule 25, 374 U.S. 865, may be seen in 4 Moore's Fed. Pr. (2d ed.) 1963 Spec. Supp. p. 9, preceding p. 501.

The effective date of the amendment to Rule 25 is July 1, 1963, as specified in Rule 86(e) as follows:

"(e) Effective Date of Amendments. The Amendments adopted by the Supreme Court on January 21, 1963, and transmitted to the Congress on January 21, 1963 shall take effect on July 1, 1963. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies." 374 U.S. 893; see also 7 Moore's Fed.Pr. (2d ed.)

1963 Spec. Supp. p. 17, preceding p. 4951.

The final action in the chain of events was the filing and serving by plaintiff's counsel on September 30, 1963, of a Motion for Substitution.

Defendant calls attention to the last-mentioned date of September 30, 1963, in that it is more than four and one-half months after the date upon which plaintiff's death was suggested on the record. Without conceding that amended Rule 25(a) (1) is applicable, defendant points out that even the amended rule would not help plaintiff, since it specifies dismissal for failure to move for the substitution within 90 days of the suggestion of death upon the record.

The essence of plaintiff's position is that present Rule 25(a) (1), read in conjunction with Rule 86(e), governs the present motion. In particular, he argues that the present Rule 25(a) (1) does not limit the period during which substitution may be ordered to two years. Further, Rule 86(e) " * * * govern * * * all further proceedings in actions then pending".

Rule 86(e) continues, however, with an exception to its applicability to actions then pending:

" * * * except to the extent that in the opinion of the court their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies."

Application in this case would be feasible, says plaintiff, and would not work injustice.

On the other side, defendant takes the position that there was no action pending on July 1, 1963, when the amendment to Rule 25(a) (1) became effective. As interpreted, the pre-amendment rule conclusively barred the action when a motion for substitution was not filed on or before February 11, 1963—that is, two years after the death of the plaintiff, since its application was mandatory.

Defendant's position is abundantly supported by the decisions. Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947). For a collection of cases see annotations to Advisory Committee's Note, 4 Moore's Fed.Pr. (2d ed.), 1963 Spec.Supp. p. 9, preceding p. 501.

In the Anderson case it was held that:

" * * * Rule 25(a) operates both as a statute of limitations upon revivor and as a mandate to the court to dismiss an action not revived within the two-year period * * *. There would be more force in petitioner's argument if Rule 25(a) had, without more, set a two-year period within which substitution might be made. But Rule 25(a) does not stop there. It directs the court to dismiss the action if substitution has not been made within that time." Anderson v. Yungkau, 329 U.S. 482 at 485–486, 67 S.Ct. 428 at 430, 91 L.Ed. 436 (1947).

The Advisory Committee's Note referring to the pre-amendment rules, set out in 4 Moore's Fed.Pr., 1963 Spec. Supp. p. 9 cited above, indicates the firmness with which that principle has been followed:

"Present Rule 25(a) (1) [referring to the pre-amendment rule], together with present Rule 6(b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of the death * * *"

There is a 1961 case, greatly similar to the present one, which bears out the foregoing statement. Starnes v. Pennsylvania Railroad Co., 26 F.R.D. 625 (E.D.N.Y.1961), aff'd per curiam 295 F.2d 704 (2nd Cir. 1961), cert. den. 369 U.S. 813, 82 S.Ct. 688, 7 L.Ed.2d 612 (1962). In the Starnes case, plaintiff instituted an F.E.L.A. action on November 20, 1951, and died on May 5, 1958. On April 8, 1960, an administratrix was

appointed. She did not, however, apply for an order of substitution as plaintiff until more than two years after the date of the original plaintiff's death. When she finally did apply, she pleaded certain excuses to justify her delay. The Court of Appeals of the Second Circuit denied the motion to substitute and granted defendant's motion to dismiss the action, holding Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947), dispositive of the case. See also, Zdanok v. Glidden Co., 28 F.R.D. 346, 347 (S.D. N.Y.1961); Gertler v. United States, 18 F.R.D. 307 (S.D.N.Y.1955); Photometric Products Corp. v. Radtke, 5 F.R.D. 394 (S.D.N.Y.1946), appeal dismissed 157 F.2d 849 (2nd Cir. 1946).

If defendant's present motion to dismiss had been argued and decided when first submitted (May 15, 1963) there could have been no doubt as to the decision in the case, since pre-amendment Rule 25(a) (1) made dismissal of the action mandatory. The mere circumstance that argument was continued by the Court and heard (October 8, 1963) after the effective date (July 1, 1963) of the amendment of Rule 25(a) (1) should not alter the result.

This Court accordingly finds that the pre-amendment rule 25(a) (1) is applicable in this case; and that the two year period expired February 11, 1963. Thereafter the defendant duly moved to dismiss the present action under the requirements of (pre-amendment) Rule 25(a) (1), and is entitled to have that motion granted.

All contentions of plaintiff have been fully considered but are deemed inapplicable in view of the controlling authority of the applicable rule as interpreted by the courts.

For all the foregoing reasons, the Motion of defendant, The Pennsylvania Railroad Company, to dismiss the plaintiff's action is granted, and it is so ordered.