Susie Ann **GRAHAM**, Appellant,

v.

The **PENNSYLVANIA RAILROAD** and The Washington Terminal Company, Appellees.

No. 18637.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 23, 1964.

Decided Dec. 10, 1964.

Petition for Rehearing en Banc Denied Feb. 5, 1965.

Certiorari Denied May 3, 1965.

See 85 S.Ct. 1446.

---

Wright, Circuit Judge, dissented.

Mr. Melvin Hirshman, Washington, D. C., with whom Mr. Earl H. Davis, Washington, D. C., was on the brief, for appellant.

Mr. Stephen A. Trimble, Washington, D. C., with whom Mr. Thomas A. Flannery, Washington, D. C., was on the brief, for appellees.

Before WILBUR K. MILLER, Senior Circuit Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM:

This action in tort was pending on July 1, 1963, when certain amendments to Rule 25(a) (1) of the Federal Rules of Civil Procedure became effective. The effect of these changes was to require, as to a deceased party, dismissal of an action unless a motion for substitution is filed within 90 days after a suggestion of death is made upon the record. In this case, plaintiffs' counsel were advised on or about July 23, 1963, that plaintiff David Graham had died on May 17, 1963. Plaintiffs' counsel thereupon filed a formal suggestion of such death in the District Court on July 24, 1963. On February 3, 1964—somewhat in excess of six months later—counsel filed a motion to substitute appellant administratrix (known by such counsel on July 30, 1963 to have been appointed) for the deceased plaintiff. Defendants, on February 7, 1964, filed an opposition to the motion and a motion to dismiss, founded upon the lack of timeliness under Rule 25(a) (1). A few days later appellant moved under Rule 6(b) to enlarge the time period fixed in Rule 25(a) (1). After a hearing on March 17, 1964, the District Court denied appellant's motions and dismissed the complaint.

In the view we take of the case, we address ourselves only to the issue of whether the District Court abused its discretion under Rule 6(b) in failing to enlarge the 90-day period. That this power to enlarge is committed to the court's discretion "for cause shown" is explicit in the language of the Rule itself and in the Advisory Committee's note to it. In the papers constituting the record before the District Judge, the only "cause shown" as excusing the neglect is the statement in the Points and Authorities supporting the motion to enlarge that "counsel frankly was unaware of the change due to his rules service not being up to date"; and that "Since July 30, 1963, counsel has been engaged in the preparation of seven appellate cases in the U. S. Court of Appeals, and D. C. Appeals, in addition to preparation for trial of an extensive Federal Tort Claims Act case, and other cases." We cannot say that, on this showing, the District Court abused its discretion to a degree warranting corrective intervention by us.

In oral argument before us, we were strongly urged to reverse the District

Court for the reason that lawyers should be given time to become aware of rule changes.[1] But it is not as if no such time had been provided. The amendments which became effective in 1963 were widely circulated in 1961. They were adopted by the Supreme Court on January 21, 1963, to become effective the following July 1. In that interim they were published in the official reports, and discussed in the treatises and legal periodicals. We think the Supreme Court expected lawyers with any serious pretensions to practice in the federal courts to become familiar with rule changes on or shortly after their effective date. That expectation was not, under the circumstances, irrational or arbitrary in the large, and we do not reverse the District Court for its recognition of it in this particular instance.

Affirmed.

WRIGHT, Circuit Judge (dissenting).

This action was filed in the District Court on December 9, 1959. It did not reach the pre-trial stage until July of 1963, at which time plaintiffs' counsel filed a statement suggesting the death of plaintiff David Graham on May 17, 1963, and moving for a delay in the proceedings until a personal representative was qualified. On February 3, 1964, the administratrix of Graham's estate moved to be substituted for him in these proceedings. On February 7, 1964, the defendants opposed the motion to substitute and moved to dismiss the action as to David Graham under the July 1, 1963 amendment to Rule 25, FED.R.CIV.P., on the ground that 90 days had elapsed since the filing of the suggestion of death. The District Court granted this motion without stating reasons.

For me, it is not necessary to divine why the District Court granted the motion to dismiss, or to determine whether, under Rule 6(b) (2), FED.R.CIV.P., the failure of counsel for Graham to act within the time prescribed by the amendment was the result of excusable neglect. When Rule 25(a) (1) was amended,[1] Rule 86(e), FED.R.CIV.P., was added to the Rules. It provides that the July

---

1. The availability, asserted in the dissent, of Rule 86(e) for appellant's relief stands sharply in contrast to her failure to rely upon it, either in the District Court or in her brief on appeal. The claim that it should provide the basis for reversal was first advanced in oral argument before us. In any event, we would have thought, as perhaps counsel initially did also, that Rule 86(e) is addressed to those many unanticipated exigencies in respect of which the Supreme Court has not elsewhere in the Rules, fashioned specific measures of relief, with explicit standards for their application. In the case of a failure to observe the 90-day time limit in Rule 25(a) (1), the District Court, in Rule 6(b), is given a discretion to afford relief upon a showing of excusable neglect. As its date indicates, New Orleans Pub. Belt R. R. v. Wallace, 173 F.2d 145 (5th Cir. 1949), did not involve the particular Rules with which we are concerned here, nor did it present a situation in respect of which a precise avenue of escape had been provided elsewhere in the Rules.

1. The amendment to Rule 25(a) (1) was promulgated to prevent the automatic, and often unjust, dismissal of cases where a party plaintiff has died. The Notes of the Advisory Committee on the 1963 Amendment to Rule 25(a) (1) (1963) indicate:

"Present Rule 25(a) (1), together with present Rule 6(b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of the death. The hardships and inequities of this unyielding requirement plainly appear from the cases. See, e. g., Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947); Iovino v. Waterson, 274 F.2d 41 ([2d Cir.] 1959), cert. denied, [sub nom.] Carlin v. [I]ovino, 362 U.S. 949, 80 S.Ct. 860, 4 L.Ed.2d 867 (1960); Perry v. Allen, 239 F.2d 107 (5th Cir. 1956); Starnes v. Pennsylvania R. R., 26 F.R.D. 625 (E.D.N.Y.), aff'd per curiam, 295 F.2d 704 (2d Cir. 1961), cert. denied, 369 U.S. 813, 82 S.Ct. 688, 7 L.Ed.2d 612 (1962); Zdanok v. Glidden Co., 28 F.R.D. 346 (S.D.N.Y. 1961). See also 4 Moore's Federal Practice ¶ 25.01[9] (Supp.1960); 2 Barron & Holtzoff, Federal Practice & Procedure § 621, at 420–21 (Wright ed. 1961)."

1, 1963 amendments will "govern * * * all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies." Since applying the amendment here would work an obvious injustice, I would apply the Rule as it existed at the time of Mr. Graham's death.

When Mr. Graham died, under Rule 25(a), as it then existed, his administratrix had two years in which to move to be substituted for him in these proceedings. The motion to substitute was made within this two-year period. Intervening was the July 1, 1963 amendment to Rule 25(a), which limited the substitution period to 90 days after the filing of the suggestion of death. But the filing of the suggestion of death in this case was not made pursuant to the amended Rule. Plaintiffs' counsel had no idea he was triggering the start of the 90-day period. The suggestion of death and motion for continuance was made pur-suant to a practice long followed in the District of Columbia to obtain a delay in the proceedings until an administrator is appointed.[2] Plaintiff's counsel was unaware that Rule 25(a) had been changed. And it appears that in all probability counsel for defendants suffered from the same ignorance, because instead of filing his motion to dismiss 90 days after the filing of the suggestion of death, he coupled his motion to dismiss with the opposition to the motion for substitution which was filed over six months after the filing of the suggestion of death.

Apparently, therefore, counsel for both parties, and indeed the District Court,[3] were operating under the old Rule—at least until the motion to dismiss was filed. Under that Rule the motion for substitution was timely. Under Rule 86(e), since the application of the July 1, 1963 amendment to Rule 25(a)(1) to this pending action "would work injustice," the former procedure should have been applied to the motion to substitute.[4] In any event, I would not construe plaintiffs' counsel's bumbling motion for a continuance as a

2. Although the filed statement was titled "SUGGESTION OF DEATH OF MALE PLAINTIFF IN ABOVE ACTION," it was in substance a motion for a continuance. It read as follows:
    "Comes now Earl H. Davis, Esq., of counsel for the plaintiffs in the above captioned action, and suggests to the Court that he has just been informed that the male plaintiff herein, David Graham, died in North Carolina, on or about May 17, 1963; and by reason of which fact, counsel moves the Court to abate the above action until a personal representative for said deceased plaintiff can be substituted herein."
    Obviously, what counsel sought was to have the case continued, see Annot., 68 A.L.R.2d 470, 531 (1959), and not to start the Rule 25(a)(1) period running against his own client. Apparently the District Court also thought it was merely granting a continuance. Its order read:

"ORDER STRIKING CASE FROM READY CALENDAR
    "The above action having been set for pretrial on July 23, 1963, and counsel for Plaintiff having suggested the death of male plaintiff, David Graham,
    "ORDERED
    "That the action be and is hereby stricken from the Ready Calendar.
    /s/ Edward M. Curran
    JUDGE "
Ordinarily, a suggestion under the new Rule 25(a)(1) would be filed by a defending party in order to compel the attorney for the claiming party to move for substitution within 90 days. See Notes of the Advisory Committee to Rule 25(a)(1) (1963).

3. See Note 2 supra.

4. See New Orleans Public Belt R. Co. v. Wallace, 5 Cir., 173 F.2d 145 (1949), in which the Fifth Circuit used Rule 86 to prevent an injustice caused by applying the amendment, rather than the old Rule, to pending litigation.

"Suggestion of Death" in the Rule 25(a) (1) sense.

It is a cruel irony that the amendment to Rule 25(a) (1) is here being interpreted to work the injustice it was intended to prevent.[5]