**Michael BLAIR, Administrator d.b.n. of the Estate of Steven Cort Blair, a/k/a Steven C. Blair, deceased, Plaintiff,**

v.

**BEECH AIRCRAFT CORPORATION, Defendant.**

**Civ. A. No. 80–1462.**

United States District Court, W.D. Pennsylvania.

Sept. 11, 1984.

P. Christian Hague, John F. Hooper, Meyer, Unkovic & Scott, Pittsburgh, Pa., for Michael Blair.

Raymond G. Hasley, C. Andrew McGhee, Rose, Schmidt, Dixon & Hasley, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

MANSMANN, District Judge.

This action is before the Court on a Motion for Substitution of Plaintiff filed by Michael Blair. For the reasons stated below, the Motion for Substitution of Plaintiff is granted.

The original Plaintiff in this action, Margaret M. Blair, Administratrix of the Estate of Steven Cort Blair, died on September 8, 1983. On October 27, 1983, Letters of Administration were issued to her son, Michael Blair, naming him as Administrator d.b.n. of the Estate of Steven Cort Blair.

On November 9, 1983, Plaintiff's counsel filed a pleading in this Court which contained a reference to Margaret Blair's

death. By an order dated February 17, 1984, this Court, having noted the reference to Plaintiff's death, requested Plaintiff's counsel to file a Motion for Substitution of Parties pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. Michael Blair, in compliance with that Order, filed this Motion for Substitution on February 29, 1984.

Defendant submitted a brief in opposition to the motion, urging the Court to reject the motion on the basis of the expiration of the 90 day time period provided in Rule 25(a)(1). Defendant claims that Plaintiff's November 9, 1983 reference to Margaret Blair's death triggered the running of the time limit.

Rule 25(a) of the Federal Rules of Civil Procedure provides for the substitution of parties in the event of death. The Rule also provides:

> Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Rule 6(b)(2) of the Federal Rules of Civil Procedure allows the Court in its discretion to permit a motion for substitution after the expiration of the 90 days period. *See also* Notes of Advisory Committee on the Civil Rules, 28 U.S.C. Rule 6.

■ This Court does not agree that the reference to Plaintiff's death in the November 4, 1983 pleading triggered the running of the 90 day time limit. Under Rule 25(a), the time for filing a motion for substitution commences only after the death of the party is formally suggested on the record by the filing and service of a written statement of the fact of death as provided in Rule 5 of the Federal Rules of Civil Procedure and Form 30. *United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1034 (10th Cir.1974); *Mobil Oil Corp. v. Lefkowitz*, 454 F.Supp. 59, 70 (S.D.N.Y.1977). No such formal writing was filed in the instant case. The reference to the death of the Plaintiff in the pleadings is not sufficient to trigger the running of the 90 day time period.

■ Assuming, *arguendo*, that the time period had expired, this Court nevertheless would exercise its discretion, permitted in Rule 6(b)(2), to grant the substitution. Absent any undue prejudice to the other party, discretionary extensions may be granted to parties who act in good faith but with excusable neglect. *See Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2nd Cir. 1966); *National Equip. Rental v. Whitecraft Unlimited*, 75 F.R.D. 507, 510 (E.D. N.Y.1977). The history of Rule 25 and Rule 6 make it clear that the 90 day period was not intended to act as a bar to otherwise meritorious actions. *Staggers*, 359 F.2d at 296. Discretionary extensions may be liberally granted. *Id; Roscoe v. Roscoe*, 379 F.2d 94, 99 (D.C.Cir.1967).

In the instant case, Defendant asserts no undue prejudice. While the period of delay was longer than the two day delay in the *Staggers* case, there has been no slow down in the processing of this case in reliance on Plaintiff's death. In addition, the motion for substitution was filed in response to an Order of this Court. This Court was willing to enlarge the time period pursuant to Rule 6(b) at that time and so indicated by issuing the Order as opposed to dismissing the case for failure to comply with Rule 25(a).

The case will be recaptioned to substitute Michael Blair as Administrator d.b.n. of the Estate of Steven Cort Blair. Plaintiff's request that the caption include a reference to Michael Blair as an individual is denied because Michael Blair has no individual cause of action.

For the foregoing reasons, the motion for substitution of Plaintiff is granted.

An appropriate Order shall issue.