406 S.E.2d 709

**Germaine MOSLEY, Plaintiff Below, Appellant,**

v.

**CITY OF PARKERSBURG and Board of Trustees of Camden–Clark Memorial Hospital, Defendants Below, Appellees.**

**No. 19793.**

Supreme Court of Appeals of West Virginia.

Submitted May 14, 1991.

Decided June 27, 1991.

Gary A. Collias, McIntyre, Haviland & Jordan, Charleston, for appellant.

Alan M. Ruley, Diana Everett, Ruley & Everett, Parkersburg, for appellees.

BROTHERTON, Justice:

In this case, we address the issue of when it is appropriate for a court to enlarge the ninety day period provided for the substitution of parties following the filing of a suggestion of death.

The plaintiff, Germaine Mosley, was allegedly injured when she fell on a wet bathroom floor while she was a patient at Camden–Clark Memorial Hospital in Parkersburg, West Virginia, on June 11, 1985. On June 9, 1987, she filed a civil action in the Circuit Court of Wood County, seeking damages for personal injuries caused by the hospital's alleged negligence. The defendant hospital responded to the plaintiff's complaint and summons, and discovery proceeded in the case. However, on February 14, 1989, the plaintiff died of causes unrelated to her injuries.

Defense counsel filed a suggestion of death on September 9, 1989. On December 29, 1989, the defense filed a motion to dismiss the case on grounds that the plaintiff's counsel had not moved for substitution of parties within ninety days as required by Rule 25 of the West Virginia Rules of Civil Procedure. In response, counsel for the plaintiff moved to substitute James R. Mosley, the plaintiff's widower and executor of her estate, as party-plaintiff and to extend the time to file the motion for a substitution of parties. A hearing was held on these motions on January 12, 1990. In an opinion dated March 1, 1990, the Circuit Court of Wood County denied both of the plaintiff's motions. A final order was entered on March 20, 1990, when the case was dismissed with prejudice.

On appeal, the plaintiff argues that the circuit court erred when it dismissed the case with prejudice after finding that counsel's reasons for failing to move for substitution of parties within ninety days of the filing of the suggestion of death did not qualify as excusable neglect. The plaintiff maintains that the excusable neglect present in this case was comprised of two components. First, because the suggestion of death which defense counsel filed on September 9, 1989, contained no reference to the West Virginia Rules of Civil Procedure, "plaintiff's counsel at that time was unable to ascertain the legal effect and consequence of the suggestion of death until after the motion to dismiss was filed." Second, counsel cites his own heavy workload as an additional element of excusable neglect. In response, the defendant argues that the neglect cited by plaintiff's counsel "cannot be excused by ignorance or by workload ... to allow such excuses would be to totally emasculate Rule 25."

▇ Rule 25(a)(1) of the West Virginia Rules of Civil Procedure states, in part, that "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, *the action shall be dismissed as to*

*the deceased party.*" (Emphasis added.) Rule 6(b)(2) addresses enlargement of the time period to permit substitution of parties after the filing of a suggestion of death pursuant to Rule 25(a)(1). The rule provides that, for cause shown, it is within the discretion of the court to permit the substitution of parties after the expiration of the ninety day period "where the failure to act was the result of excusable neglect...."

Rule 25(a)(1) of the Federal Rules of Civil Procedure originally provided that "[i]f a party dies and the claim is not thereby extinguished, the court within two years of the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party." Rule 6(b) did not permit enlargement of this limitations period, even for excusable neglect. However, both rules were amended in 1963 and the prohibition against extending the time for taking action under Rule 25 was eliminated, thus allowing courts more discretion in substitution.[1] "Formerly, a litigant's innocent failure to learn of a party's death resulted in dismissal. The courts were powerless to enlarge the time for substitution even in the absence of bad faith.... The committee, in amending the original rule, sought to adjust the equities of the situation." *National Equipment Rental,* *Ltd. v. Whitecraft Unlimited, Inc.,* 75 F.R.D. 507, 510 (E.D.N.Y.1977) (citations omitted).

■ "In accordance with the mandate of Rule 1, that the Rules should be construed 'to secure the just, speedy and inexpensive determination of every action,' the courts generally have given Rule 6(b) a liberal interpretation in order to work substantial justice."[2] The history of Rule 25 and Rule 6 makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted. *Blair v. Beech Aircraft Corp.,* 104 F.R.D. 21 (W.D.Pa.1984);[3] *United States v. Miller Bros. Const. Co.,* 505 F.2d 1031, 1035 (10th Cir.1974); *Staggers v. Otto Gerdau Co.,* 359 F.2d 292, 296 (2nd Cir.1966). When making a motion for enlargement to permit a substitution of parties after the expiration of the ninety day statutory period, the burden is on the movant to establish that his failure to act timely was the result of excusable neglect. *Yonofsky v. Wernick,* 362 F.Supp. 1005, 1012 (S.D.N.Y.1973). Delays in filing motions for substitution of parties are not to be encouraged. However, discretionary extensions should be liberally granted, absent a showing of bad faith on the part of the movant for substitution or undue prejudice

1. The Advisory Committee on the Federal Rules suggested the present rule in 1963, stating that:

   Present Rule 25(a)(1), together with present Rule 6(b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of the death. The hardships and inequities of this unyielding requirement plainly appear from the cases.... The amended rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record.... A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. *If a party or the representative of the deceased party desires to limit the time* within which another may make the motion, *he may do so by suggesting the death* upon the record. (Emphasis added.)

See Notes of Advisory Committee on the Civil Rules, 28 U.S.C. Rule 25 (1964).

2. 2 J. Moore, Federal Practice ¶ 6.08 (2d ed. 1970).

3. In *Blair v. Beech Aircraft Corp.,* 104 F.R.D. 21 (W.D.Pa.1984), plaintiff's counsel filed a pleading which contained a reference to the plaintiff's death. Over three months later, the court requested that counsel file a motion for substitution of parties. Defense counsel opposed the motion, however, and argued that the ninety day time period had expired. The court disagreed, stating that the running of the time period is triggered only when the death is suggested on the record and no such formal writing was filed in this case. The court found that even if the time period had expired, it would exercise the discretion permitted in Rule 6(b)(2) of the Federal Rules and grant the substitution. "Absent any undue prejudice to the other party, discretionary extensions may be granted to parties who act in good faith but with excusable neglect." *Id.* at 22 (citations omitted).

to other parties to the action. Among the factors which the court should consider before granting an enlargement of the time period to move for a substitution of parties are the movant's good faith, undue prejudice to the opposing party, and whether the movant had a reasonable basis for noncompliance within the time specified under the rules.[4]

■ In its decision below, the circuit court relied in part upon *Graham v. Pennsylvania Railroad,* 342 F.2d 914 (D.C.Cir. 1964), to support its conclusion that the time period for substitution of parties should not be enlarged due to excusable neglect. Counsel in *Graham* claimed he was unaware of relevant amendments to Rule 25(a)(1) because his rules service was not updated, and he also cited an excessive workload due to trial preparation as an additional element of excusable neglect. However, the court of appeals found that the district court did not abuse its discretion when it denied the motion to enlarge the ninety day period where ignorance of the rule change and a heavy workload were the only causes shown as evidence of excusable neglect.

The plaintiff now before us distinguishes *Graham* by noting that in *Graham* it was the plaintiff who filed the formal suggestion of death and was therefore aware of its legal ramifications. In this case, because the defense filed the suggestion of death, the plaintiff's counsel's claim that he was initially unaware of the significance of the suggestion of death is more credible. Ordinarily, movants under Rule 25 are able to control when a death is "suggested upon the record." *Staggers v. Otto Gerdau Company,* 359 F.2d 292, 296 (1966).

■ Another factor the plaintiff cites as contributing to his failure to timely move for a substitution of parties is that the suggestion of death filed by defense counsel did not refer to a particular rule of civil procedure, and thus he was unable to ascertain the appropriate response to the motion. In order to facilitate a timely response, a suggestion of death which is placed upon the record of a case should state that it is being made pursuant to Rule 25. In *Rende v. Kay,* 415 F.2d 983, 985 (D.C.Cir.1969), the United States Court of Appeals, District of Columbia Circuit, noted that the Advisory Committee responsible for the 1963 amendments to Rules 25(a)(1) and 6(b) provided Form 30 for suggestion of death "in order to expedite and facilitate implementation of the amendment." That form makes an explicit reference to Rule 25, providing as follows:

> A.B. [described as a party, or as executor, administrator, or other representative or successor of C.D., the deceased party] suggests upon the record, *pursuant to Rule 25(a)(1),* the death of C.D. [describe as party] during the pendency of this action. Added Jan. 21, 1963, eff. July 1, 1963. (Emphasis added.)

After reviewing the record in this case, we are satisfied that there was no bad faith involved in plaintiff's counsel's inability to react promptly to the suggestion of death. Moreover, there is no indication that the defendant will be prejudiced if a belated substitution of parties is permitted. Therefore, this Court will exercise the discretion provided in Rule 6(b)(2) and grant the plaintiff an extension to substitute parties.

For the foregoing reasons, we reverse the March 20, 1990, final order of the Circuit Court of Wood County.

Reversed.

---

**4.** *See* 4A C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1165, at 480 (2d ed. 1987).