Ellen R. HEGWER, as Trustee of the
Ray Hegwer Living Trust a/k/a Heg-
wer Living Trust, Appellant

v.

Holly EDWARDS a/k/a Holly Ruth
Edwards a/k/a Holly Ruth
Raines, Appellee

No. 05–15–01464–CV

Court of Appeals of Texas,
Dallas.

Opinion Filed March 22, 2017

Andrew R. Korn, The Korn Diaz Firm, David Mizgala, Mizgala Law PLLC, Dallas TX, for Appellant.

Blake L. Beckham, Jose M. Portela, Sarita Smithee, The Beckham Group, P.C., Dallas TX, for Appellee.

Before Justices Bridges, Evans, and Schenck

## OPINION

Opinion by Justice Evans

Ellen Hegwer, as trustee of the Ray Hegwer Living Trust a/k/a Hegwer Living Trust (Trustee), appeals the judgment following a bench trial. The Trustee contends that the trial court erred in holding that Holly Edwards's filing of a suggestion of her husband's death did not constitute a general appearance by Holly in the case. The Trustee also asserts that the trial court abused its discretion by denying her request for a post-appearance judgment nihil dicit. We affirm.

1. The parties do not dispute that the case was called for trial on February 16, 2015. There is no transcript of this proceeding in the reporter's record.

## I. BACKGROUND

On December 7, 2012, the Trustee and Raymond Hegwer filed a lawsuit against Spencer Edwards, Holly Edwards, Edwards Development Corporation, Edwards Exploration, LLC, and Edwards Operating Company, LLC. Edwards Exploration, LLC was served with the citation and petition but none of the other defendants were served.

Spencer died on November 29, 2013. On January 16, 2014, Holly filed a suggestion of death that informed the court of Spencer's death.

On February 16, 2015, the trial court called the case to trial.[1] Raymond and the Trustee presented a proposed judgment to the trial court. In the proposed final judgment, Raymond stated that he had dismissed all his claims against each of the five defendants. The proposed judgment also stated that the Trustee dismissed all claims against Spencer, Edwards Development Corporation, Edwards Exploration, LLC, and Edwards Operating Company, LLC, and was proceeding solely against Holly. On February 16, 2015, Raymond and the Trustee also filed a trial brief on post-appearance judgment nihil dicit. The trial court heard from counsel for plaintiffs and further "heard from counsel for Defendant Holly Edwards who was present in the Courtroom on February 16, 2015 and advised the Court that Hollye [sic] Edwards had not been served, entered an appearance or answered. Edwards's counsel further advised of intent to accept service and answer."[2] The trial court did not enter the proposed judgment and, instead, set the case for dismissal for want of pros-

2. This information was contained in the Order Denying Plaintiff's Request for Post-Appearance Judgment *Nihil Dicit* signed on August 31, 2015.

ecution on April 1, 2015. On February 18, 2015, Holly filed her original answer.

On May 5, 2015, the trial court signed an order of nonsuit in which Raymond dismissed his claims without prejudice against all defendants. On August 24, 2015, the Trustee nonsuited her claims against Edwards Development Corporation, Edwards Exploration, LLC, and Edwards Operating Company, LLC.

The case was called for a bench trial on August 24, 2015, and the Trustee failed to introduce any evidence against Holly. In its final judgment, the trial court noted that "the record is devoid of any factually or legally sufficient evidence that would support a verdict against Holly Edwards" and ordered that the Trustee take nothing by way of her claims against Holly. The trial court also signed an order dated August 31, 2015, which denied the Trustee's request for post-appearance judgment nihil dicit. The Trustee then filed this appeal.

## II. ANALYSIS

### A. Suggestion of Death

■■■ A suggestion of death of a defendant notifies a trial court of the fact that a defendant died. The legal consequence of that notice is a jurisdictional defect: that a defendant is beyond the power of the trial court and the case cannot proceed until jurisdiction is acquired over the legal representative of the deceased by service of scire facias. *See* Tex. R. Civ. P. 152.[3] Thus, a judgment is void for lack of jurisdiction when it is entered against the legal representative of the deceased's estate without issuance and return of service of the writ of scire facias or appearance of the legal representative. *See Supak v. Zboril*, 56

S.W.3d 785, 793–94 (Tex. App.–Houston [14th Dist.] 2001, no pet.) (characterizing trial court's lack of jurisdiction due to lack of issuance and service of a writ of scire facias as fundamental error); *see also Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987) (take nothing judgment affirmed where plaintiff merely amended petition to sue estate but scire facias did not issue against legal representative who never appeared in suit); *Futrell v. State & Cty. Mut. Ins. Co.*, No. 05-95-01052-CV, 1996 WL 479555, at *4 (Tex. App.–Dallas Aug. 19, 1996, no writ) (not designated for publication) (judgment against heirs and legal representatives without service of scire facias or appearance of legal representative is against rule 152's requirement of scire facias).

Rule 152 does not restrict who may file a suggestion of death of a defendant by using the passive voice, "upon the suggestion of death being entered of record in open court," and specifically permits the adverse party-plaintiff to file it by the alternative, "or upon the petition of the plaintiff." *See* Tex. R. Civ. P. 152. It commonly occurs that someone other than the plaintiff or the legal representative of the deceased's estate files the suggestion of death, such as a relative or the deceased's attorney. *See, e.g., DeGeorge v. Luedike/Fabel*, No. 09-14-00517-CV, 2016 WL 1719118, at *1 n.1 (Tex. App.–Beaumont Apr. 28, 2016, no pet.) (mem. op.) (widow of defendant filed suggestion of death); *Coven v. Dailey*, 652 S.W.2d 527, 529 (Tex. App.–Austin 1983, writ ref'd n.r.e.) (deceased's counsel filed suggestion of death).

### B. Suggestion of Death is not an Appearance

---

**3.** Rule 152 specifically provides as follows: "[w]here the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor or heir." *See* TEX. R. CIV. P. 152.

■ The Trustee argued to the trial court and on appeal that Holly's filing of a suggestion of her husband's death constitutes an appearance by Holly. The trial court specifically found it did not. We agree with the trial court. Because there are no factual disputes and the issue relates to the trial court's jurisdiction over Holly, we will use the standard of review for a jurisdictional issue that presents only a question of law: de novo review. *See Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 66 (Tex. 2016) (de novo standard of review of special appearance presenting only jurisdictional question of law) (citing *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 805–06 (Tex. 2002)).

In her brief, the Trustee generally asserts that for "over 100 years, Texas Courts have recognized that a person appears in a case by virtue of a suggestion of death." In support of this assertion, the Trustee cites two early 1900s Texas cases, one West Virginia case, and one Wisconsin case.[4] None of these cases cited by the Trustee, however, concludes that filing a suggestion of death after the death of a defendant constitutes a general appearance by the person filing the suggestion of death.[5] The Trustee does not cite any case law, nor have we located any, which stands for the proposition that a person appears in a case by filing a suggestion of death for a defendant.

We further note that the cases cited by the Trustee involve a suggestion of death filed upon the death of a plaintiff, not a

defendant. *See Parriss v. Jewell*, 57 Tex. Civ.App. 199, 122 S.W. 399, 400 (1909, writ ref'd) (suggestion of death filed upon death of plaintiff); *Mosley v. Parkersburg*, 185 W.Va. 278, 406 S.E.2d 709, 713 (1991) (suggestion of death filed by defense counsel upon death of plaintiff); *Schwister v. Schoenecker*, 258 Wis.2d 1, 654 N.W.2d 852, 858 (2002) (suggestion of death filed upon death of plaintiff). Rule 151 governs when a plaintiff dies and rule 152 applies when a defendant dies. *See* Tex. R. Civ. P. 151, 152; *Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637, at *16 (Tex. App.–Austin Nov. 27, 2013, pet. denied) (mem. op.). As stated above, rule 152 does not restrict who may file a suggestion of death but, upon its being entered, the "clerk shall issue a scire facias for the administrator or executor or heir <u>requiring him to appear</u>." *See* Tex. R. Civ. P. 152 (emphasis added). Thus, the filing of the suggestion of death for a defendant cannot of itself be interpreted as a general appearance because the court is required to issue a scire facias requiring the administrator, executor or heir to appear on behalf of the deceased defendant. Rule 151, however, provides as follows:

> If the plaintiff dies, the heirs, or the administrator or executor of such decedent <u>may appear</u> and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name. If no such appearance and sug-

---

**4.** *See Crosby v. Di Palma*, 141 S.W. 321, 323 (Tex. Civ. App.–El Paso 1911, writ ref'd); *Parriss v. Jewell*, 57 Tex.Civ.App. 199, 122 S.W. 399, 400 (1909, writ ref'd); *Mosley v. Parkersburg*, 185 W.Va. 278, 406 S.E.2d 709, 713 (1991); *Schwister v. Schoenecker*, 258 Wis.2d 1, 654 N.W.2d 852, 858 (2002).

**5.** One of the cases cited by the Trust only contains two passing references to a suggestion of death. Neither of these references

states that a person appears in the case by virtue of a suggestion of death. *See Crosby*, 141 S.W. at 323 ("when the prosecution thereof was actively resumed by the plaintiffs, numerous suggestions of deaths being made" and "[a]t time of rendition of judgment there were 15 plaintiffs and 157 defendants, these additional parties having been brought into the suit upon suggestions of death, marriage, etc.").

gestion be made within a reasonable time after the death of the plaintiff, the clerk upon the application of defendant, his agent or attorney, shall issue a scire facias for the heirs or the administrator or executor of such decedent, requiring him to appear and prosecute such suit. After service of such scire facias, should such heir or administrator or executor fail to enter appearance within the time provided, the defendant may have the suit dismissed.

*See* Tex. R. Civ. P. 151 (emphasis added). Under rule 151, an heir, administrator, or executor of the deceased plaintiff appears by filing a suggestion of death. Thus, rules 151 and 152 have different requirements for appearances based on whether the deceased party is a plaintiff or defendant. To the extent that the Trustee has provided case law only for the proposition a person appears in a case by virtue of filing a suggestion of death for a plaintiff, we find such precedent distinguishable and unpersuasive.

In this case, the trial court concluded that Holly's suggestion of her husband's death was filed solely for the purpose of notifying the trial court of Spencer's death. The Trustee argues that this characterization is contrary to Holly's own treatment of the pleading.[6] The Trustee also argues that the trial court's characterization of the suggestion of death is contrary to the trial court's treatment of the pleading because (1) the suggestion of death resulted in the clerk's docketing Holly's appearance; (2) the trial court required Holly's attorney to serve Holly with notice of the filing and her right to object to her attorney's withdrawal; and (3) the trial court granted the amended motion to withdraw filed by Holly's original attorney of record and lawyers do not seek to be relieved of responsibility for clients for whom they have not appeared.

■ The Texas Supreme Court, however, has provided specific indicators of when a party enters a general appearance. *Exito Elec. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004). A party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court. *Id.* Courts have also held, however, that "an act of a defendant may nonetheless have some relation to the cause without constituting a general appearance." *Angelou v. African Overseas Union*, 33 S.W.3d 269, 275 (Tex. App.–Houston [14th Dist.] 2000, no pet.). For example, courts have declined to conclude that acts such as sending a letter or entering into a rule 11 agreement constitute a general appearance because they do not seek affirmative action or invoke the judgment of the court. *Id.* at 276 (defendant who filed a rule 11 agreement extending answer date did not seek affirmative action from trial court); *Moore v. Elektro–Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex. App.–El Paso 1994, writ denied) (letter from defendant's foreign counsel to court stating he would be filing motion to dismiss and inquiring about local counsel was not general appearance because it did not acknowledge court's jurisdiction or seek affirmative relief). Similarly, in the suggestion of her husband's death in this case, Holly did not invoke the judgment of the court for herself or seek any affirmative action from the court; she simply informed the trial court of Spencer's death.

The Trustee also appears to argue that Holly recognized the action was properly

---

**6.** Specifically, the Trust notes that the suggestion of death contains the following language:

"[c]omes now, Holly Edwards, one of the defendants in this matter ...."

pending by filing the suggestion of death. Courts, however, have also held that filing a rule 11 agreement does not necessarily mean that a defendant recognizes an action as properly pending. *See Exito Elec. Co.,* 142 S.W.3d at 306 (rule 11 agreement which extended defendant's time to file initial responsive pleading did not recognize action as properly pending because it "merely acknowledges that [defendant] is required to respond to the petition in some manner."); *but see Sedona Pac. Hous. P'ship v. Ventura,* 408 S.W.3d 507, 513 (Tex. App.–El Paso 2013, no pet.) (defendant appeared by making rule 11 agreement subject to further order of trial court, agreed to notify court about settlement, hearing, and mediation, thereby recognizing case was properly pending in trial court.). In *Angelou,* the court specifically analyzed whether a defendant recognized the action as properly pending by filing a rule 11 agreement:

> [Plaintiff] also claims the filed Rule 11 agreement constituted a general appearance because the filing recognized the action as properly pending. This contention is marginally true in a very confined sense. However, we do not agree that the actions taken show a recognition that [plaintiff's] action is properly pending within the contemplation of *Dawson–Austin* and the cases leading up to it. If [defendant's] Rule 11 agreement recognizes [plaintiff's] lawsuit is properly pending, it is only in that she tacitly acknowledges that she has to somehow respond. The carefully crafted Rule 11 agreement does no more than extend the answer *date.* Hence, it does not in any way limit what responsive pleadings she may file when the answer date arrives. To read into this Rule 11 agreement that [defendant] acknowledged that she was subject to the court's jurisdiction for all purposes, is a sesquipedalian stretch.

33 S.W.3d at 276. Here, Holly's filing of the suggestion of her husband's death does no more than "tacitly acknowledge" that information about Spencer's death must be provided to the court; she did not agree to provide additional information, seek additional assistance from the court, or be subject to orders of the court. For all the reasons described above, we decline to conclude that Holly's filing of the suggestion of Spencer's death constituted a general appearance, so we resolve the Trustee's second issue against her.

## B. Post–Appearance Judgment Nihil Dicit

█ Nihil dicit literally means "he says nothing." *Nihil dicit,* BLACK'S LAW DICTIONARY (10th ed. 2014). A judgment rendered against a defendant who appears but does not file an answer is not a default judgment, but a judgment nihil dicit. *Rose v. Rose,* 117 S.W.3d 84, 88 (Tex. App.–Waco 2003, no pet.). The Trustee asserts that the trial court erred by denying its pre-trial and post-trial requests for a post-appearance judgment nihil dicit against Holly. As stated in her brief, whether the Trustee was entitled to judgment nihil dicit turns on whether Holly generally appeared when she filed the suggestion of her husband's death. As this issue was resolved above, we have no need to address it here.

█ The Trustee also argues that Holly had no right to file an answer outside of the scheduling order deadline without leave from the court. Specifically, the Trustee argues that if the trial court relied on Holly's "untimely" answer in denying its motion for post-appearance judgment nihil dicit, then the trial court abused its discretion. The Trustee relies on *Taylor v. Langham,* No. 09-14-00193-CV, 2015 WL 1540981 (Tex. App.–Beaumont Apr. 2, 2015, no pet.) (mem. op.) and *In re City of Dallas,* 445 S.W.3d 456 (Tex. App.–Dallas

2014, orig. proceeding), but neither case involved holding a defendant to an answer deadline that had passed before she had been served. We cannot conclude that Holly should be held to deadlines that had passed before she was formally served in the case. *See, e.g., In re Kings Ridge Homeowner's Ass'n*, 303 S.W.3d 773, 782 (Tex. App.–Fort Worth 2009, orig. proceeding) (homeowner's association joined as involuntary plaintiff was not bound by discovery deadline in trial court's level 3 scheduling order which had expired). As we do not conclude that Holly's filing of the suggestion of death constituted an appearance, we cannot conclude she was prohibited from filing an answer or that her answer was untimely. Accordingly, we conclude the trial court correctly denied the motion for post-appearance judgment nihil dicit, so we resolve the Trustee's first issue against her.

## CONCLUSION

We resolve the Trustee's issues against her and affirm the trial court's judgment.

Schenck, J., concurring.

## DAVID J. SCHENCK, JUSTICE, CONCURRING

I fully concur with the Court's decision affirming the trial court's judgment and write separately only to discuss our standard of review where, as here, the appellant challenges the denial of a motion for default judgment in a case that is later decided on the merits.[1] This Court has previously held that a denial of a request for default judgment remains ripe for review on appeal from a subsequent judgment entered on the merits. *Crown Asset Mgmt., LLC v. Loring*, 294 S.W.3d 841, 843 (Tex. App.–Dallas 2009, pet. denied) (en banc). The panel correctly treats itself as bound by that holding. *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 836 n.6 (Tex. 2010).

As the panel notes, our standard of review following a trial court's denial of any request for default judgment, whether of the *nihil dicit* or no-answer variety, is abuse of discretion. *Padrino Mar. Inc. v. Rizo*, 130 S.W.3d 243, 247 (Tex. App.–Corpus Christi 2004, no pet.). Of course, even where a trial court has been shown to have erred (or abused its discretion), we will reverse the resulting judgment only where the appellant shows the error to be harmful. Tex. R. App. P. 44.1(a); *European Crossroads' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 54 (Tex. App.–Dallas 1995, writ denied). Thus, in cases like this we review not simply for error in denying the request for interlocutory default judgment but reversible error in the final judgment.

None of the Texas cases that have recognized the right to a post-merits judgment appeal from the denial of a default judgment motion has found harmful error or discussed what such error might be in this context.[2] I believe that reversible er-

---

1. As the panel notes, the motion at issue here alleged an appearance without answer. A default judgment may be entered against a defendant who has not timely appeared in the case or *"nihil dicit"* against a defendant who has generally appeared but not answered. *Rose v. Rose*, 117 S.W.3d 84, 88 (Tex. App.–Waco 2003, no pet.). Both operate as default judgments in that they dispose of the merits without regard to evidence. Thus, the same rules generally apply to each. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979).

2. I exclude cases involving judgment resulting from a dismissal for want of prosecution, which like default, is also not a merits resolution. *E.g., Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 839 (Tex. App.–Dallas 2009, no pet.); *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.–Houston [14th Dist.] 2005, no pet.). In contests between two absent parties,

ror, and indeed appeals like this, should be exceedingly rare.

I begin by observing that "default judgments are highly disfavored." *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *4 (Tex. App.–Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.). For many and good reasons, it is not especially difficult to set a default judgment aside once it has been entered.[3] *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). In fact, a trial judge exercises discretion not only in connection with the initial request for entry of a default judgment but also in connection with any motion to set such a judgment aside. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984).

Our reversible error analysis looks to whether the appellant suffered the "rendition of an improper judgment."[4] In the context of a requested, but denied, default judgment, I believe the resulting merits judgment would be shown to be "improper" only where the defendant could not have succeeded in having the default set aside had it been entered.[5] Thus, when the trial court is said to have erred in entering judgment on the merits as a result of denying an earlier request for default, our

analysis should include two steps. *First*, appellant must show an abuse of discretion in denying the motion for default judgment based on the pleadings and file then before the court; and *second*, if there was such error, the later merits judgment will be improper if, viewing the record as a whole, the judge could not have set a default aside.

This standard would mirror our review, to the extent we permit it at all,[6] in other analogous contexts. For example, while a trial court might well err on day two of trial by denying a motion for directed verdict when one party closes its case-in-chief, we will not review that initial ruling at all unless it is renewed at the close of all of the evidence and, at that point, we would still look to the record as a whole—not as it stood on day two. *E.g., Meek v. Onstad*, 430 S.W.3d 601, 610–11 (Tex. App.–Houston [14th Dist.] 2014, no pet.) (no review at all without renewal); *Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 645 (Tex. App.–Dallas 2015, no pet.).

Judgment by default is an unfortunate practical necessity reserved for situations where the defendant either has acted

the only one who has appeared at least twice (to file a pleading and to seek default), may well have the better argument to press.

3. *See Evans v. Woodward*, 669 S.W.2d 154, 155 (Tex. App.–Dallas 1984, no writ) (applying the *Craddock* factors to a judgment *nihil dicit*).

4. To be sure, we will also find error to be reversible where it prevented the party bringing the appeal from properly presenting the case to us. Tex. R. App. P. 44.1(a)(2). No one would argue that allowing a defendant to make a record consisting of proof that actually established his lack of liability would constitute such an error.

5. For these purposes at least, it might equally be argued that the proper understanding of the word "judgment" in rule 44.1 could reach

the final judgment at the end of the cause between the parties such that consideration of whether the "judgment" on the merits was "improper" would include consideration of whether the defendant might have prevailed on restricted appeal. *See* Tex. R. App. P. 30. A final judgment for *res judicata* purposes might also encompass bill of review proceedings between the same parties. *E.g., Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex. 2004).

6. While rule 166a(c) directs that summary judgment "shall be rendered forthwith if" the movant has shown its entitlement, we will not unwind a case tried on the merits to determine whether summary judgment was improperly denied. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex. 1980).

with conscious indifference to the court's authority to resolve the dispute or has arrived late and in hopes of litigating potentially groundless defenses. Once the parties have joined the issue and litigated a case to finality, in all but the most extraordinary circumstances, our focus is better directed to the merits.