

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00017-CV

GARY KLOSE, Appellant

V.

N-TEX SAND & GRAVEL, LLC, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-14-42000

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

This is an appeal from a final judgment in Fannin County dated December 6, 2023, which found in favor of N-Tex Sand & Gravel, LLC, and found that the Engineering Practice Act[1] (EPA) did not apply to Gary Klose's reclamation project. Gary died during the pendency of the trial court proceedings. On appeal, Brenda Klose, his widow, raises four points of error: (1) the trial court erred in ruling that the EPA did not apply, (2) the trial court erred in finding he waived or was estopped from asserting that the EPA applied, (3) the trial court erred in denying his objections and finding the plan was substantially complete because there could be no substantial compliance without compliance with the law, and (4) the trial court erred in denying his objections and finding the plan was substantially complete because the evidence was legally and factually insufficient to support such a finding.

Upon review, we find that we have no jurisdiction over this action because Gary died before the trial court's judgment was entered and no "administrator or executor or heir"[2] was substituted during the trial court proceedings. As a result, the trial court's judgment is void, and we must vacate it.

I.  **Background[3]**

On December 10, 2014, N-Tex Sand & Gravel sued Gary for breach of contract and sought a declaratory judgment, actual damages, attorney fees, prejudgment and post judgment

---

[1]Tex. Occ. Code Ann. §§ 1001.001–1002.501.

[2]*See* Tex. R. Civ. P. 152.

[3]Because the dispositive issues in this case relate to our jurisdiction and whether the underlying final judgment is void, we will only consider the facts relevant to those issues.

interest, court costs, and a permanent injunction. On December 6, 2023, the trial court entered a final judgment. During the pendency of the lawsuit, on December 29, 2020, the only defendant in the action, Gary, died. The parties do not dispute that Gary's death was known to all parties and the trial court while the trial court proceedings were ongoing.[4] There is, however, nothing in the trial court's record demonstrating a suggestion of death was ever filed.

On March 4, 2024, Gary, a deceased individual, filed a notice of appeal in this Court. Brenda did not join in this appeal. However, on May 8, 2024, Brenda sought to be substituted as the appellant in this action because she is "Gary's surviving spouse and [the] Independent Executrix of the Estate of Gary Wayne Klose." The motion was unopposed. In the motion, she represented, "This Court has the authority under Texas Rule of Appellate Procedure 7 to substitute Brenda Sue Klose, Individually and as Independent Executrix of the Estate of Gary Wayne Klose." We denied the motion, and Gary remains the only appellant in this action.

## II.     We Have No Subject-Matter Jurisdiction

It is well-established that, for this appeal to proceed, there must be a live controversy. "Subject[-]matter jurisdiction requires that the party bringing the suit having standing, that there be a live controversy between the parties, and that the case be justiciable." *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). In the present action, the only named appellant, Gary, is deceased. Under our rules, there is a procedure to follow in civil appeals upon the death of a party. *See* TEX. R. APP. P. 7.1(a)(1). Rule 7.1(a)(1) states the following:

---

[4]In one set of objections filed by Brenda, she explicitly stated that she was a "widow." Also, in the final judgment, the trial court turned over "[a]ll real property which is the subject of the reclamation plan and all associated documents and agreements" to "*the heirs and assigns of Gary Klose for its ongoing maintenance*." (Emphasis added).

3

Civil Cases. If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers.

*Id.*; *see also In re Long*, No. 06-20-00039-CV, 2020 WL 5028779, at \*2 n.1 (Tex. App.—Texarkana Aug. 25, 2020, orig. proceeding) (mem. op.). Under the terms of Rule 7.1(a)(1), the timing of the appellant's death is critical, and it must be "after the trial court renders judgment but before the case has been finally disposed of on appeal." TEX. R. APP. P. 7.1(a)(1). Here, Gary died while the trial court proceedings were ongoing. Consequently, Rule 7.1(a)(1) does not apply, and we cannot proceed as if he had not died and allow him to remain as the appellant.

Because Gary was deceased before the trial court rendered judgment and there is no provision allowing for this appeal to continue under his name, we do not have subject-matter jurisdiction over this appeal, and we must dismiss it.

## III.    This Case Should Not Be Abated

Recognizing a jurisdictional defect in his appeal, Gary has requested we abate this appeal and remand it back to the trial court for additional findings. In support of his request for abatement, he relies upon an opinion by our sister court at the First Court of Appeals. *See Gantt v. Harris Cnty.*, 674 S.W.3d 553, 557 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

The facts in *Gantt* are, however, distinguishable from the facts in the present action. First and foremost, in *Gantt*, the plaintiff—not the defendant—died, and his widow attempted to follow the procedure under Rule 151 of the Texas Rules of Civil Procedure for substitution. *Id.* at 558. In the midst of the widow's attempts to comply with that rule, the trial court dismissed

4

her case. *Id.* Our sister court then "abated the appeal and ordered the trial court to conduct a hearing to determine whether [Gantt's widow] was the representative of Gantt's estate and the proper party under Texas Rule of Civil Procedure 151." *Id.* at 557–58.

With the present appeal, the parties do not claim they attempted to comply with the applicable rules for substitution at the trial court level. Rule 152 of the Texas Rules of Civil Procedure specifically provides a procedure for substitution upon the death of a defendant:

> Where the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring [her] to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor or heir.

TEX. R. CIV. P. 152.

Based on the record, N-Tex Sand & Gravel did not attempt to add Brenda as a defendant at the trial court level and did not attempt to comply with Rule 152. Thus, we find that since there is no unresolved issue that requires abatement, we decline to abate this action. Such a decision is also consistent with our prior caselaw. *See In re Coats*, 580 S.W.3d 431, 437 n.4 (Tex. App.—Texarkana 2019, orig. proceeding) (recognizing that, "[w]hile a case is pending in a trial court, the record is fluid. . . . By contrast, an appellate record is static. By the time jurisdiction of the case vests in the appellate court, the trial court no longer has jurisdiction to change anything").

## IV. The Final Judgment is Void

The final issue in this case is whether the final judgment in favor of N-Tex Sand & Gravel and against Gary is void. Under our precedent, "[o]nce a defendant dies, the defendant is,

for purposes of the law, a non-entity due to death." *Id.* at 438. We also held in *In re Coats* that, "when a defendant dies and no personal representative is served or participates in the trial, the resulting judgment is void as a matter of law." *Id.* at 436 (citing *Bevers v. Brodbeck*, No. 07-04-0475-CV, 2006 WL 2795347, at *1 (Tex. App.—Amarillo Sept. 29, 2006, pet. denied) (mem. op.)). "The failure to join a jurisdictionally indispensable party constitutes fundamental error, which an appellate court is bound to notice if the error is apparent from the face of the record." *Id.* at 437 (quoting *Dueitt v. Dueitt*, 802 S.W.2d 859, 861 (Tex. App.—Houston [1st Dist.] 1991, no writ)).

In this case, N-Tex Sand & Gravel argues that the judgment is not void because Brenda participated in the underlying action on her husband's behalf. N-Tex Sand & Gravel argues that Brenda appeared and participated in the trial court proceedings as both a "*surviving spouse*" and the "Estate Executrix" of Gary. N-Tex Sand & Gravel further claims that Brenda entered a general appearance in the case and was subject to the trial court's jurisdiction.

"The Texas Supreme Court, however, has provided specific indicators of when a party enters a general appearance." *Hegwer v. Edwards*, 527 S.W.3d 337, 341 (Tex. App.—Dallas 2017, no pet.) (citing *Exito Elec. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam)). "A party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Id.* (citing *Trejo*, 142 S.W.3d at 304). A surviving spouse who is not a party to an action neither invokes the trial court's judgment, nor agrees to whether an action is properly pending against another defendant, nor seeks affirmative

6

action by simply informing the trial court of a defendant's death. *Id.* at 341–42. As a result, a surviving spouse does not enter a general appearance without following the proper procedures described below, and the plaintiff's agreement cannot change this. *Id.* at 342. Based upon the record, we find that, while Brenda, as the surviving spouse, did participate in the trial court's proceedings, N-Tex Sand & Gravel has not demonstrated that participation amounted to a general appearance either on her own behalf or in a representative capacity for Gary's estate.[5]

Furthermore, under the terms of Rule 152 of the Texas Rules of Civil Procedure, once a defendant dies, the suit must proceed against the "administrator or executor or heir." *See* TEX. R. CIV. P. 152. Those capacities require some type of documentation. *See, e.g.*, TEX. EST. CODE ANN. § 202.001 (process to declare heirship for intestate succession); TEX. EST. CODE ANN. § 305.002 (Supp.) (providing qualification procedure for personal representatives); *see also Dueitt v. Dueitt*, 802 S.W.2d 859, 860–61 (Tex. App.—Houston [1st Dist.] 1991, no writ).

For us to allow any person, whether a widow or another individual, to proceed on behalf of a deceased defendant without some type of documentation in accordance with Rule 152 of the Texas Rules of Civil Procedure would be to make Rule 152 a nullity. Further, it appears that, based upon the record, N-Tex Sand & Gravel was aware of Gary's death for nearly three years (from 2020 until the final judgment in 2023). Despite that knowledge, it never moved to substitute as is required by Rule 152. Under those facts, N-Tex Sand & Gravel cannot now claim that failure is excused because it allowed Gary's widow to stand in his shoes. This is because "a judgment is void for lack of jurisdiction when it is entered against the legal

---

[5]Indeed, based upon the record, the trial court was not even notified of her status as the independent executor of Gary's estate. It was only submitted to us as a part of this appeal.

7

representative of the deceased's estate without issuance and return of service of the writ of scire facias or appearance of the legal representative." *Hegwer*, 527 S.W.3d at 339 (citing *Supak v. Zboril*, 56 S.W.3d 785, 793–94 (Tex. App.—Houston [14th Dist.] 2001, no pet.); (*Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987))).  Because the final judgment against Gary is against a dead person and no other party was properly substituted under Rule 152 of the Texas Rules of Civil Procedure at the trial court level, we find that the judgment in the underlying action is void.  *See In re Coats*, 580 S.W.3d at 437.

## V.      Conclusion

We vacate the trial court's judgment and dismiss this case.  *See* TEX. R. APP. P. 43.2(e).

Scott E. Stevens
Chief Justice

Date Submitted:      August 2, 2024
Date Decided:        September 9, 2024