

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-25-00041-CV
_____

### NANCY GOMEZ AND SHALONA MURRAY, Appellants

### V.

### MARK RICHARD AND MILLWOOD TRUCKING, INC., Appellees

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 23C0123-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Nancy Gomez and Shalona Murray sued Mark Richard and Millwood Trucking, Inc.,[1] alleging injuries resulting from a collision in which a tractor trailer operated by Richard, in the course of his employment with Millwood Trucking, rear-ended another tractor trailer, initiating a chain-reaction, multi-vehicle pileup on the interstate. Richard and Millwood Trucking filed a no-evidence motion for summary judgment on all of Gomez's and Murray's claims, which the trial court granted.

A suggestion of death was filed for Richard before the trial court ruled on the motion for summary judgment. A writ of scire facias was not issued, and a representative of Richard's estate was not substituted in his stead.

On appeal, Gomez and Murray claim that the trial court erred in granting the no-evidence motion for summary judgment because (1) it was conclusory and lacked the specificity required by the Texas Rules of Civil Procedure, and (2) they offered more than a scintilla of evidence to support their claims.

Upon review, we find that we have no jurisdiction over the appeal against Richard because Richard died before the trial court's judgment was entered and no "administrator or

---

[1] Millwood Trucking noted in its briefing that its name has been spelled inconsistently from the outset of litigation. Gomez and Murray used "Milwood Trucking" (with one L) in the style of their petition rather than "Millwood Trucking" (with two Ls), even though they used "Millwood Trucking" in the body of the petition. The one-L spelling was retained in the style of the trial court's orders throughout the trial court proceedings. Citation was issued to Millwood Trucking and served on "Mark Millwood owner of Millwood Trucking," Millwood Trucking answered and moved for summary judgment, and summary judgment was granted for Millwood Trucking. Neither party has asserted any issues with respect to the misspelling. To correct the incorrect spelling, we have changed the style of the case on appeal from "Milwood Trucking" to "Millwood Trucking."

executor or heir"[2] was substituted during the trial court proceedings. As a result, the no-evidence summary judgment as to Richard is void, and we must vacate it.

With respect to the appeal against Millwood Trucking, we affirm the grant of summary judgment.

I.      Background[3]

On the afternoon of January 27, 2021, a multi-vehicle collision occurred on eastbound Interstate 30 in Bowie County, Texas. Per the police report, several tractor trailers were stopped "in the outside lane due to heavy traffic from construction ahead." (Capitalization normalized). The report stated that Richard, driving a truck owned by Millwood Trucking, struck the rear of a tractor trailer in the line of tractor trailers, initiating a chain-reaction of collisions that eventually struck the rear of Gomez and Murray's tractor trailer. In their petition, Gomez and Murray alleged injuries as follows:

> At the time, Plaintiff Shalona Murray was operating a 2020 Freightliner tractor and hauling a 2018 Wabash trailer while her co-driver, Plaintiff Nancy Gomez, was in the sleeper berth of the tractor. Plaintiff Nancy Gomez braced herself upon impact in an attempt to avoid rolling out of the sleeper berth and sustained injuries to, *inter alia*, right arm and right leg whereas Plaintiff Shalona Murray sustained injuries to, *inter alia*, her right shoulder, right leg, and back.

Gomez and Murray sued several individuals and entities who were the drivers and owners of the tractor trailers in the chain reaction collision, including Richard and Millwood

---

[2]*See* Tex. R. Civ. P. 152.

[3]"We recount the facts in the light most favorable to [Gomez and Murray], the nonmovant[s]," *Lozada v. Posada*, 718 S.W.3d 262, 265 (Tex. 2025) (per curiam) (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2023)), "taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor," *First Sabrepoint Cap. Mgmt., L.P. v. Farmland Partners Inc.*, 712 S.W.3d 75, 84 (Tex. 2025) (quoting *Weekley Homes, LLC v. Paniagua*, 691 S.W.3d 911, 915 (Tex. 2024) (per curiam)).

Trucking. Gomez and Murray sued Richard and Millwood Trucking on several negligence theories and Millwood Trucking on a respondeat superior theory due to its employment of Richard.

Richard and Millwood Trucking later filed a no-evidence motion for summary judgment.

Gomez and Murray responded to the motion for summary judgment, attaching evidence including the police report noting that "Richard's failure to control speed was a contributing factor" to the collision; speeding tickets and safety violations issued to Richard during his employment with Millwood Trucking; Millwood Trucking's subsequent recertifications of Richard's ability to drive for the company; and maintenance logs for the tractor trailer involved showing warning light issues and air system leaks.

After a hearing on March 17, 2025, the trial court granted Richard and Millwood Trucking's no-evidence motion for summary judgment.

Prior to the hearing, counsel for Richard and Millwood Trucking filed a suggestion of death for Richard. No writ of scire facias was issued, and no estate representative was substituted in Richard's stead for the remainder of the proceeding.

Gomez and Murray appeal.

## II.     Jurisdiction

"The failure to join a jurisdictionally indispensable party constitutes fundamental error, which an appellate court is bound to notice if the error is apparent from the face of the record." *In re Coats*, 580 S.W.3d 431, 437 (Tex. App.—Texarkana 2019, orig. proceeding) (quoting *Dueitt v. Dueitt*, 802 S.W.2d 859, 861 (Tex. App.—Houston [1st Dist.] 1991, no writ)). "A

4

suggestion of death of a defendant notifies a trial court of the fact that a defendant died." *Id.* at 435 (quoting *Hegwer v. Edwards*, 527 S.W.3d 337, 339 (Tex. App.—Dallas 2017, no pet.)). "The legal consequence of that notice is a jurisdictional defect: that a defendant is beyond the power of the trial court and the case [against that defendant] cannot proceed until jurisdiction is acquired over the legal representative of the deceased by service of scire facias." *Id.* (quoting *Hegwer*, 527 S.W.3d at 339) (citing TEX. R. CIV. P. 152).

"*Scire facias* not only abrogates the common-law rule that death abates suit, but also provides for substitution of any person or persons succeeding to the rights of the original party, whether executor, administrator, heir, or person holding the same practical relation." *Id.* (quoting *Est. of Pollack v. McMurrey*, 858 S.W.2d 388, 390 n.2 (Tex. 1993)). "[T]he revived action is merely a continuation of the original action, and the substituted party stands in the same shoes as the original party . . . ." *Id.* at 435–36 (alteration in original) (quoting *Est. of Pollack*, 858 S.W.3d at 390 n.2). "And, when a defendant dies and no personal representative is served or participates in the trial, the resulting judgment is void as a matter of law." *Id.* at 436 (citing *Bevers v. Brodbeck*, No. 07-04-00475-CV, 2006 WL 2795347, at *1 (Tex. App.—Amarillo Sept. 29, 2006, pet. denied) (mem. op.)).

The record before us indicates that a suggestion of death was filed for Richard about two weeks after Richard and Millwood Trucking filed their motion for summary judgment, some ten months after Richard's death. In addition, after the hearing on the motion, at which the remaining parties to this appeal acknowledged Richard's passing, the trial court granted the motion for summary judgment as to both Richard and Millwood Trucking. Yet "[o]nce a

5

defendant dies, the defendant is, for purposes of the law, a non-entity due to death." *Id.* at 438 (citing *Hegwer*, 527 S.W.3d at 339). And counsel for Richard and Millwood Trucking had no standing individually to assert a motion for summary judgment on Richard's behalf after his death. *See id.*

The no-evidence motion for summary judgment as to Richard was then "essentially no motion at all," *see id.* at 439, and the summary judgment granted on Richard's behalf is void, *see Klose v. N-Tex Sand & Gravel, LLC*, No. 06-24-00017-CV, 2024 WL 4116885, at *4 (Tex. App.—Texarkana Sept. 9, 2024, no pet.) (mem. op.). For this reason, we have no subject-matter jurisdiction over Gomez and Murray's appeal against Richard, and we must dismiss it. *See id.* at *2.

We proceed, then, to consider Gomez and Murray's appeal against Millwood Trucking.

## III. Standard of Review

"We review summary judgments de novo, taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor." *First Sabrepoint Cap. Mgmt., L.P.*, 712 S.W.3d at 84 (quoting *Weekley Homes, LLC*, 691 S.W.3d at 915).

"'After adequate time for discovery,' a party 'may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . on which an adverse party would have the burden of proof at trial.'" *Lozada*, 718 S.W.3d at 266 (quoting

6

TEX. R. CIV. P. 166a(i)).[4]  The "motion must state the elements . . . as to which there is no evidence."  TEX. R. CIV. P. 166a(b)(2)(D).  "[A] properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion."  *Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023).  "The [trial] court must grant a no-evidence motion [for summary judgment] unless the [nonmovant] produces summary judgment evidence raising a genuine issue of material fact."  TEX. R. CIV. P. 166a(h)(3); *see Lozada*, 718 S.W.3d at 266.

> We will sustain a no-evidence summary judgment when:
>
> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Lozada*, 718 S.W.3d at 266 (quoting *King Ranch, Inc.*, 118 S.W.3d at 751).  "As relevant here, '[l]ess than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact.'"  *Id.* (alteration in original) (quoting *King Ranch*, 118 S.W.3d at 751).  "And '[m]ore than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."'"  *Id.* at 266–67 (alteration in original) (quoting *King Ranch*, 118 S.W.3d at 751).

---

[4]The Texas Supreme Court amended Rule 166a by order dated February 27, 2026, effective March 1, 2026, in a manner that renumbered the rule's subsections.  *See* Tex. Sup. Ct. Order, *Final Approval of Amendments to Rule 166a of the Texas Rules of Civil Procedure*, Misc. Docket No. 26-9012 (Feb. 27, 2026).  Even though the amendment was "[o]ther than the deadline changes, . . . not intended to substantively change the law," the "amendment[] appl[ies] only to a motion for summary judgment filed on or after March 1, 2026." *Id.*  Because Richard and Millwood Trucking filed their motion for summary judgment prior to the effective date of the amendment, we refer to the provisions of Rule 166a in effect at the time of their filing.

## IV. Analysis

In their first issue, Gomez and Murray assert that the trial court erred in granting Millwood Trucking's no-evidence motion for summary judgment because "the motion only made conclusory statements and failed to identify the specific elements of the claims lacking evidence, as required by Texas Rule of Civil Procedure 166a(i)." In their second issue (presented conditionally), Gomez and Murray assert that they produced evidence to survive summary judgment. We find that Millwood Trucking's no-evidence motion gave sufficient notice to put the burden on Gomez and Murray to produce evidence of damages and causation. We further find that Gomez and Murray failed to produce any evidence of damages and causation. Accordingly, we affirm the trial court's grant of summary judgment.

"A no-evidence motion for summary judgment must 'specifically state the element or elements for which there is no evidence.'" *State v. Three Thousand, Seven Hundred Seventy-Four Dollars and Twenty-Eight Cents U.S. Currency* (*Three Thousand*), 713 S.W.3d 381, 387 (Tex. 2025) (quoting *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017) (citing TEX. R. CIV. P. 166a)). Appellate courts are instructed to strictly enforce this rule; a movant may not merely 'list[] each element of the plaintiff's claim and then assert[] that the plaintiff has no evidence to support "one or more" or "any of" those elements.'" *Id.* (alterations in original) (quoting *Hansen*, 525 S.W.3d at 695–96). "This requirement is intended to provide the nonmovant 'with adequate information for opposing the motion[] and to define the issues for the purpose of summary judgment.'" *Id.* (alteration in original) (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009)).

8

Compare two statements from *Three Thousand*:

| | |
|---|---|
| [A] movant may not merely "list[] each element of the plaintiff's claim and then assert[] that the plaintiff has no evidence to support 'one or more' or 'any of' those elements."[5] | A no-evidence motion provides adequate notice when the motion describes the challenged elements in sufficient detail to identify them.[6] |

Where is the line between "merely 'list[ing]'" and "identify[ing]"? *Id.* at 387, 388. It is not a matter of semantic "gotcha:" "[t]hat a motion includes the words 'one or more,' 'any,' and 'each' is not in itself fatal; rather, the problem arises when that language is *all* that a movant includes." *Id.* at 388. *Three Thousand* provided an illustrative example of detail in a no-evidence motion that was sufficient to identify challenged elements:

> There is no evidence of one or more of the elements for a civil forfeiture case, on which the State has the burden of proof at trial: that the property was used in a manner as described in Paragraph VIII of Plaintiff's Original Notice of Seizure and Intended Forfeiture [alleging that the property was used or intended to be used in the commission of a felony under Health and Safety Code Chapter 481]; and, that the property is contraband as defined by Texas Code of Criminal Procedure.

*Id.* (alteration in original).

The key is whether the no-evidence motion provides "notice of the elements challenged." *Id.*

In examining whether notice has been provided, a reviewing court can consider the non-movant's response to the motion. *Id.* ("[T]he State demonstrated that it had notice of the

---

[5] *Three Thousand*, 713 S.W.3d at 387 (alterations in original) (quoting *Hansen*, 525 S.W.3d at 695–96).

[6]*Id.* at 388.

elements challenged—its response discussed the affidavit as evidence that the property was used in the commission of a felony under Health and Safety Code Chapter 481.").

Millwood Trucking's "no evidence motion" asserted that

> The elements of a common-law negligence claim are (1) a legal duty; (2) breach of that duty; and (3) damages proximately resulting from the breach. *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137 (Tex. 2022). . . .
>
> There is no evidence of any of the elements of negligence against these Defendants.
>
> . . . .
>
> To prove negligent hiring, training, supervision, monitoring, or retention, Plaintiffs must prove the following elements: (1) the employer owed a duty to hire, train, supervise, monitor, or retain competent employees, (2) that duty was breached, and (3) the breach proximately caused the alleged damage. . . .
>
> Plaintiffs have failed to and cannot provide evidence to support any of the elements of negligent hiring, training, supervision, monitoring, [or] retention claims against Millwood Trucking, Inc.[7]

Thus, the motion does include the word "any." The response of Gomez and Murray, however, states as follows:

> Under common-law, a negligence claim consists of the following elements: (1) a legal duty; (2) breach of that duty; and (3) damages proximately resulting from the breach. *Elephant Ins. Co., LLC*[, 644 S.W.3d 137]. *To survive summary judgment*, a plaintiff only needs to present more than a scintilla of evidence of *these elements*. Here, the police report and circumstances of the collision provide sufficient evidence to create a fact issue for a jury.

(Emphasis added).

---

[7]Millwood Trucking's motion set out negligent entrustment, negligent maintenance, respondeat superior, and negligence per se in similar fashion, i.e., by providing caselaw describing the elements, including causation of harm among those elements, and then stating that Gomez and Murry have no evidence of that "claim[]", "cause," "legal theory," or "action."

10

Gomez and Murray, therefore, understood that Millwood Trucking's "no evidence" motion had put "damages proximately resulting from the breach" at issue.

Concerning damages and causation, Gomez and Murray point to the allegations in their original petition. That is not evidence. Regarding the cause of the accident, Gomez and Murray point to the accident report attached to their summary judgment response, but they do not urge that it is evidence of injuries.

Because we affirm for lack of evidence of damages and causation, we do not reach the other matters asserted by the parties. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) ("When a trial court does not specify the grounds it relied upon in making its determination, reviewing courts must affirm summary judgment if any of the grounds asserted are meritorious.").

## V. Conclusion

We vacate the trial court's summary judgment granted on behalf of Mark Richard and dismiss the case as to him. We affirm the trial court's summary judgment granted on behalf of Millwood Trucking.

Jeff Rambin
Justice

Date Submitted:     September 5, 2025
Date Decided:      April 21, 2026

11